Samuel Zaretsky, individually and as administrator of the estate of Pauline Zaretsky, deceased v. Commissioner.
Zaretsky v. Commissioner
Docket No. 256-65.
United States Tax Court
T.C. Memo 1967-247; 1967 Tax Ct. Memo LEXIS 13; 26 T.C.M. (CCH) 1283; T.C.M. (RIA) 67247; December 12, 1967
Nathan Landesberg, for the petitioners. Robert M. Pearl, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined the following deficiencies in income tax against Samuel and Pauline Zaretsky, husband and wife, as follows: Sec. 6653(a)
Sec. 6654
Year
Deficiency
Addition
Addition
Sept. 30, 1959
$30,082.63
0
$696.13
Sept. 30, 1960
11,266.90
$483.81
0
Sept. 30, 1961
3,914.38
0
0
Sept. 30, 1962
6,173.00
308.65
0 By amended answer, the Commissioner alleged an increase in deficiency to the extent of $4,339.39 and an increase in the section 6653(a) addition to tax to the extent of $216.97 in respect of the fiscal year ended September 30, 1960. The joint returns in *14 issue were filed with the district director of internal revenue, Brooklyn, New York. Pauline Zaretsky has since died, and Samuel Zaretsky is administrator of her estate. He is petitioner herein both in his individual capacity and as administrator of her estate. When the petition was filed he resided in Little Neck, New York. The deficiencies determined are based upon a number of adjustments made by the Commissioner, many of which are in issue. However, it appears that if one issue, relating to the effectivenss of an election to be taxed as a small business corporation alleged to have been filed by a corporation named Tasty Salads Inc. should be decided in petitioner's favor, a $150,148.02 loss sustained by that corporation in its fiscal year ended September 30, 1962, would eliminate the basic deficiency not only for petitioner's fiscal year ended September 30, 1962 but also the basic deficiencies for the three earlier years by reason of carrybacks. And in the event that this election issue be decided in petitioner's favor, the parties have agreed that the Commissioner's determination as to additions to tax may nevertheless be approved without further consideration of any other issues *15 raised herein. [1]
Tasty Salads Inc. was a corporation located in Brooklyn, New York, with a fiscal year ending September 30. Petitioner was its president and, at the very least, was its majority stockholder. There was conflicting evidence as to whether there was any outstanding minority stock interest, but, on balance, we find as a fact that petitioner was the sole stockholder. The central issue between the parties is whether the corporation in fact filed an election under section 1372(a), I.R.C. 1954, to be treated as a small business corporation. It is petitioner's position that such an election was in fact executed on behalf of the corporation on October 2, 1961, and was transmitted together with the required consent of its sole stockholder on that day to the district *16 director of internal revenue in Brooklyn. The Government argues that a search of the files of that office fails to disclose any such election or any record that any such election was ever received. The matter thus turns entirely upon an evaluation of the evidence. Petitioner's case was developed through the testimony of three witnesses. The certified public accountant who handled the affairs of both petitioner and his corporation testified that on October 2, 1961, he prepared the election in pencil on the required form (Form 2553), that he gave it to petitioner's bookkeeper, that she typed three copies of this form for petitioner's signature as president of the corporation, and that he in fact saw petitioner sign the form. He also testified that he dictated a letter for petitioner's signature in which petitioner, as sole stockholder, consented to the election, that the bookkeeper typed that letter, and that petitioner signed it in his presence. The bookkeeper then testified that she in fact typed the three copies of Form 2553, that petitioner signed them as well as the letter dictated by the accountant, that she placed two copies of the signed Form 2553 together with the letter in *17 a stamped envelope addressed to the district director of internal revenue in Brooklyn, and on the same day (October 2, 1961), [2] placed that envelope together with other mail in a mailbox some two blocks away from the corporation's place of business; and that she distinctly recalls these events because she had been told at the time that these papers were "important." Finally, petitioner himself gave testimony as to the signing of these documents. Although the matter may not be entirely free from doubt, we accept as credible the testimony as given, and find as a fact that the election and the required consent were in fact mailed as contended by petitioner. This in turn gives rise to a "strong presumption of delivery to the Collector" which is not rebutted by mere negative evidence of absence of any record of receipt, see Jones v. United States, 226 F. 2d 24, 27 (C.A. 9); Rosengarten v. United States, 181 F. Supp. 275, 277 (Ct. Cl.), certiorari denied 364 U.S. 822, and which calls for the ultimate *18 finding that the election and consent were "filed" by petitioner as required by the Regulations. Section 1.1372-2, Income Tax Regs. Accordingly, giving effect to the concessions of the parties, Decision will be entered under Rule 50. Footnotes
1. The agreement of the parties, as shown in the transcript appears to refer to the amounts set forth in the Commissioner's original determination, and does not specifically deal with the increased addition for fiscal 1961 determined in the amended answer. Although we would probably construe the agreement to cover this addition, we will let the parties clarify the matter under Rule 50.↩
2. A timely election for the fiscal year ending September 30, 1962 could have been filed up to and including October 31, 1961. Section 1372(c)(1)↩.