JAMES A. FOERSTER and MURIEL FOERSTER (DECEASED), Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Foerster v. Commissioner
Docket No. 12957-80.
United States Tax Court
T.C. Memo 1981-32; 1981 Tax Ct. Memo LEXIS 716; 41 T.C.M. (CCH) 775; T.C.M. (RIA) 81032; January 27, 1981. Sidney A. Soltz, for the petitioners. David M. Kirsch, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: On September 5, 1980, respondent filed a motion *717 to dismiss the above-entitled case for lack of jurisdiction on the ground that the petition was not filed with the Tax Court within 90 days from the date of the mailing of the notice of deficiency as required by section 6213(a), I.R.C. 1954. [1] Pursuant to notice previously given, a hearing was held on this motion in Miami, Florida, on December 1, 1980. At the hearing evidence was received. The facts in this case show that on March 26, 1980, respondent mailed to petitioners at their proper address a statutory notice of deficiency. On June 12, 1980, counsel for petitioners placed a petition in an envelope addressed to the United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217, and mailed it by ordinary mail. With the petition was a request for place of trial. Sometime later petitioners' counsel checked to see if he had received a copy of the request for place of trial stamped "granted." When he found that he had not been served with the granted copy of his request for place of trial, he telephoned the Office of the *718 Clerk of the United States Tax Court and was told that a backlog existed in processing petitions but that as a protective measure he should file another petition marking the same "duplicate." Counsel for petitioners had retained a photostatic copy of the petition mailed to the Tax Court on June 12, 1980. From this copy he had typed another petition identical in wording to the petition mailed to the Court on June 12, 1980. Petitioners' attorney signed the original of the petition as retyped and where the word "date" appeared he wrote in "June 12, 1980." On July 10, 1980, petitioners' counsel placed this petition in an envelope addressed "United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217" and mailed it to the Court by certified mail. This petition was received and stamped "filed" on July 14, 1980. No other petition was received by the Court with respect to this case. It is petitioners' position that since their attorney mailed a petition in an envelope properly addressed to the Tax Court by ordinary mail 12 days prior to the last day provided by statute for filing a petition with the Court, the petition filed on July 14, 1980, should be considered as being *719 the petition mailed on June 12, 1980, which under section 7502 would be timely filed. Petitioners' argument is effectively that they should not suffer because of a loss of a letter by the United States Postal Service. Although the facts here present arouse a sympathy for petitioners, the jurisdiction of this Court is strictly limited by statute. The jurisdiction of this Court is provided for in section 6213(a). Under that statute the Court acquires jurisdiction only if, within 90 days after the notice of deficiency as authorized in section 6212 is mailed, the taxpayer files a petition with the Court for a redetermination of the deficiency. There is no exception to this jurisdictional requirement. However, section 7502(a) does provide that a petition timely mailed shall be treated as timely filed under certain circumstances. Section 7502(a) provides that if any document required to be filed within a prescribed period under the provisions of the internal revenue laws is after such period delivered by U.S. mail to the officer or office with which it is required to be filed, the date of the U.S. postmark stamped on the cover in which the document is mailed shall be deemed to *720 be the delivery date of the document if the postmark falls within the period prescribed for filing the document. Clearly, petitioners do not meet the requirements of section 7502(a) since the petition mailed by their attorney on June 12, 1980, was, insofar as this record shows, never received by the United States Tax Court to which it was addressed. There have been a number of cases involving facts as favorable to a taxpayer as are the facts in this case in which this Court and other courts have held that this Court lacks jurisdiction. The jurisdiction of this Court is specified by statute and the Court does not obtain jurjisdiction unless the requirements of the statute are met. In Drake v. Commissioner,554 F.2d 736 (5th Cir. 1977), in affirming an order of dismissal of a petition which had been placed in the mail on the 90th day after the mailing of the notice of deficiency but not postmarked until the following day because of a change in postal regulations of which the taxpayer had no knowledge, the Court held that although the facts appeared equitable for petitioners' position this Court was without jurisdiction to hear the case.See also, Deutsch v. Commissioner,599 F.2d 44 (2d Cir. 1979), *721 affirming an order of dismissal by this Court; Cassell v. Commissioner,72 T.C. 313 (1979). The cases cited by petitioners, which hold that where the evidence shows that a return was placed in the mail properly addressed within the time required by law but not timely received by the Internal Revenue Service, reasonable cause existed for failure to timely file a return and therefore the addition to tax for failure to timely file should not be imposed, are not helpful in resolving the issue here. Were the issue here whether petitioners had reasonable cause for failure to timely file the petition, those cases might be of assistance. However, this is not the issue. Here, as in Drake v. Commissioner,supra, we are not unmindful that the seeming inequities to the taxpayer would not exist had the alternative procedure provided by section 7502(c)(1) of mailing the petition by registered mail been followed. That section provides that, if a document is sent by United States registered mail, such registration shall be prima facie evidence that the document was delivered to the officer or office to which addressed and that the date of registration *722 shall be deemed the postmark. Under the facts here present, we conclude that we lack jurisdiction over this case. Therefore, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order willbe entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue, unless otherwise stated.↩