Brian MILLER, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 84–3896.

United States Court of Appeals, Sixth Circuit.

Jan. 28, 1986.

Decided March 3, 1986.

Norman S. Buckvar, Sheldon M. Sager, McCarthy, Lebit, Crystal, Kleinman & Haiman Co., L.P.A., Cleveland, Ohio, for plaintiff-appellant.

Matthew Yackshaw, Trial Atty., U.S. Dept. of Justice, Washington, D.C., Glenn L. Archer, Jr., Michael L. Paup, Tax Div./Dept. of Justice, William S. Estabrook, Nancy Morgan (argued), for defendant-appellee.

Before KENNEDY and CONTIE, Circuit Judges, and GIBSON, District Judge *.

PER CURIAM.

Plaintiff Miller appeals the District Court's grant of defendant's motion to dismiss for lack of subject matter jurisdiction. The District Court held that because the filing of a refund claim is a jurisdictional prerequisite to a tax refund action, 26 U.S.C. § 7422(a) (Internal Revenue Code of 1954, "the Code"), and since plaintiff's claim for refund was not timely filed, the court had no jurisdiction to entertain the suit.

The Internal Revenue Service ("I.R.S.") disallowed losses claimed from one of plaintiff's business activities spanning the years 1976–79. Plaintiff paid deficiency assessments in 1981 and 1982 stemming from the disallowance. Plaintiff alleges that he then executed form 1040X on February 17, 1983, seeking a refund of the $53,663 paid in assessments, plus statutory interest. His attorney at that time states by affidavit that he then mailed the claims to the I.R.S. Cincinnati office in an envelope properly addressed, postage prepaid, by regular mail. Plaintiff contends that he first learned that the claims for refund had not been received by the I.R.S. over a year later, when he filed suit in U.S. District Court. The government stated in its answer that plaintiff had failed to file claims for refund, and offered Certificates of Lack of Record signed by the custodian of federal tax forms and related documents for the Cincinnati Service Center of the I.R.S. At the time the government filed its answer, the three-year statute of limitations for filing refund claims, 26 U.S.C. § 6511, had run on most of plaintiff's claims.

The federal courts exercise jurisdiction over suits for the refund of federal taxes pursuant to 28 U.S.C. § 1346(a)(1). This section, together with 26 U.S.C. § 7422(a), constitutes a waiver by the United States of its sovereign immunity with respect to refund suits by taxpayers to recover internal revenue taxes alleged to have been erroneously or illegally assessed. The Code section provides that no refund suits shall be maintained in federal court until a claim for refund has been filed with the I.R.S. The taxpayer has the burden of establishing the existence of federal court jurisdiction. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280,

---

* Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation.

1285 (9th Cir.1977). The issue in this case is therefore whether the District Court was correct in holding that it had no jurisdiction over plaintiff's claim for refund where the I.R.S. records established that no claim for refund was ever received, but plaintiff offered proof of proper mailing of the claim to the I.R.S. well within the statutory period.

■ Section 7422(a) provides that no suit for refund shall be maintained in any court "until a claim for refund or credit has been duly filed with the Secretary or his delegate...." The Supreme Court noted in 1916 that the word "filed" had never been defined by Congress, but that the etymology of the word led to the conclusion that filing "is not complete until the document is delivered and received." [1] *United States v. Lombardo*, 241 U.S. 73, 76, 36 S.Ct. 508, 509, 60 L.Ed.2d 897 (1916). This "physical delivery rule" states the general requirement for filing claims. *Phinney v. Bank of the Southwest National Assn., Houston*, 335 F.2d 266, 268 (5th Cir.1964). However, some courts have carved out an exception where "a timely and accurate mailing raises a rebuttable presumption that the mailed material was received, and thereby filed." *In Re Nimz Transp., Inc.*, 505 F.2d 177, 179 (7th Cir.1974). It is against this background that we must analyze 26 U.S.C. § 7502, wherein Congress explicitly provided two statutory exceptions to the physical delivery rule for the filing of tax claims and returns.[2]

■ Section 7502 was enacted as a remedial provision to alleviate inequities arising from differences in mail delivery from one part of the country to another. *Sylvan v. Commissioner*, 65 T.C. 548, 551 (1975). The section provides that if any document which must be filed within a prescribed period and which is after that period "delivered by United States mail" to the office where it is to be filed, the date of the U.S. postmark stamped on the envelope "shall be deemed to be the date of delivery...." Section 7502(a)(1). This "mailbox rule," both by its terms and as revealed in the legislative history, applies only in cases where the document is actually received by the I.R.S. after the statutory period.[3] The second exception set out in section 7502 provides that if a document is sent by registered mail, such registration shall be prima facie evidence that the document was delivered to the office to which it was addressed, and that in that case the postmark shall be deemed the date of delivery. Section 7502(c)(1). Because plaintiff's claim was never *received* by the I.R.S. and because it was not sent by registered mail, the exceptions in section 7502 do not apply to the filing of his refund claim.

Plaintiff argues nevertheless that section 7502 was intended to be a "safe harbor," creating two exceptions to the physical delivery rule the taxpayer can rely on without question, while not barring him from relying on other exceptions created by the courts. In particular, plaintiff seeks to invoke the judicially-created presumption that material mailed is material received. *In Re Nimz, supra.* The second circuit considered this very question in *Deutsch v. Commissioner*, 599 F.2d 44 (2d Cir.), *cert. denied*, 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1979). In that case, petitioner was seeking Tax Court jurisdiction after the 90-day limitation had expired. He filed with the Tax Court a copy of a letter dated within the 90-day period, but which the Tax Court had not received. Petitioner submitted an affidavit of his accountant who

---

**1.** The etymology relied on by Justice McKenna is that the word "file" is derived from the Latin *filum* (wire) and "relates to the ancient practice of placing papers on a thread or wire for safekeeping and ready reference." *Lombardo, infra*, 241 U.S. at 76, 36 S.Ct. at 509.

**2.** The section originally did not apply to returns, but was amended in 1966 by Pub.L. 89–713 § 5(a) to do so.

**3.** "This new section applies in the case where documents ... are mailed ... and are received by that office after such time has expired." 1954 U.S.Code Cong. and Ad.News 4583. *See also* 26 C.F.R. § 301.7502–1(d)(1): "Section 7502 is not applicable unless the document is delivered by U.S. mail to the agency ... with which it is required to be filed."

claimed he had mailed the letter to the Tax Court within the prescribed period. The court held that section 7502 did not operate to merely create "safe harbors" for the taxpayer, but that the exceptions embodied in that section were exclusive and complete. The court explained:

> The exception embodied in section 7502 and the cases construing it demonstrate a penchant for an easily applied, objective standard. See *Fishman v. Commissioner*, 420 F.2d 491 (2d Cir.1970). Where, as here, the exception of section 7502 is not literally applicable, courts have consistently rejected testimony or other evidence as proof of the actual date of mailing. *See, e.g., Shipley v. Commissioner*, 572 F.2d 212, 214 (9th Cir. 1977); *Drake v. Commissioner*, 554 F.2d 736, 738–39 (5th Cir.1977); *Boccuto v. Commissioner*, 277 F.2d 549, 553 (2d Cir.1960).

599 F.2d at 46.

A Tax Court Memorandum Decision reaches the same conclusion. In *Foerster v. Commissioner*, T.C. Memo. 1981-32, 41 T.C.M. 775 (1981), petitioners inadvertently discovered that their petition had never been received by the Tax Court. Counsel for petitioners retyped a new version from a photostatic copy of the original petition, retaining the original date. They argued before the court that they "should not suffer because of a loss of a letter by the United States Postal Service." 41 T.C.M. at 776. The Tax Court noted that their situation was a sympathetic one, but concluded that the jurisdiction of the court was severely circumscribed by statute and that petitioners had failed to obtain the jurisdiction, citing *Deutsch, supra.* The court added that "seeming inequities" would not exist had petitioners used registered mail, as registration constitutes prima facie evidence of delivery to the I.R.S. 41 T.C.M. at 777.[4]

The cases plaintiff relied on are not persuasive. The three principal cases cited all involve filings that occurred *before* section 7502 was enacted. *Jones v. United States*, 226 F.2d 24 (9th Cir.1955); *Detroit Automotive Products Corp. v. Commissioner*, 203 F.2d 785 (6th Cir.1953); *Central Paper Co. v. Commissioner*, 199 F.2d 902 (6th Cir.1952). Furthermore, in none of those cases did the I.R.S. contest the fact that the claims were actually mailed.[5] The only post-section 7502 cases cited in plaintiff's favor are two Tax Court opinions involving subchapter S corporation election filings. *Zaretsky v. Commissioner*, 26 T.C.M. 1283 (1967); *Mitchell Offset Plate Service, Inc. v. Commissioner*, 53 T.C. 235 (1969). In light of *Foerster, supra,* and its reliance on *Deutsch, supra,* it is obvious that *Zaretsky* and *Mitchell Offset Plate Service* are of questionable precedential value, at least in the context of obtaining jurisdiction.

Because the Court concludes that the only exceptions to the physical delivery rule available to taxpayers are the two set out in section 7502, we hold that the District Court was correct in granting defendant's motion to dismiss for lack of subject matter jurisdiction. The order of the District Court is therefore affirmed.

---

4. The strict application of § 7502 has produced harsh results in other cases. *See Drake v. Commissioner*, 554 F.2d 736 (5th Cir.1977) (where taxpayer mailed document on 90th day of 90-day period, but because of change in cancellation process document was not postmarked until the 91st day, taxpayer may not take advantage of § 7502).

5. In fact, in *Detroit Automotive Products* and *Central Paper* the documents were eventually received.