JEFFREY G. SWOPE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Swope v. Commissioner
Docket No. 33758-87
United States Tax Court
T.C. Memo 1989-414; 1989 Tax Ct. Memo LEXIS 412; 57 T.C.M. (CCH) 1244; T.C.M. (RIA) 89414; August 10, 1989
Jeffrey G. Swope, pro se. Ralph F. Shilling, Jr., for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's Federal income tax for the calendar years 1979, 1980, 1981 and 1982 in the amounts of $ 5,246.92, $ 5,937.04, $ 7,397.22 and $ 7,682.00, respectively; additions to tax under section 6653(a) [1] in the amounts of $ 262.35 and $ 296.85 for 1979 and 1980, respectively; additions to tax under section 6653(a)(1) in the amounts of $ 369.86 and $ 384.10 for 1981 and 1982, respectively; and additions to tax under section 6653(a)(2) for each of the years 1981 and 1982. Respondent also determined additions to tax under section 6651(a) for each of the years *414 1979, 1980, 1981, and 1982 in the amounts of $ 50.16, $ 207.79, $ 989.03 and $ 1,270.50, respectively, and under section 6654(a) for each of the years 1981 and 1982 in the amount of $ 237.21 and $ 435.75, respectively. For the year 1982, respondent also determined an addition to tax under section 6661(a) in the amount of $ 1,920.50. The parties have disposed of all issues in this case by agreement except those arising in connection with respondent's determination that petitioner failed to file returns for the years in issue and those issues relating to some of the additions to tax. The parties have agreed to the total tax liability for each of the years in issue, the amount of tax paid through withholding, and the tax due or overpayment as follows: 1979 1980 1981
1982
Total Tax Liability
$ 2,973 $ 4,636 $ 4,738
$ 4,039
Less Withholding
5,046 5,106 3,441
2,600
Tax Due or (overpayment)
($ 2,073)
($ 470)
$ 1,297
$ 1,439
*415 The parties having agreed on the tax liability, there remain for decision the following issues: (1) Whether petitioner filed Federal income tax returns for each of the years 1979, 1980, 1981, and 1982 and, if not, whether he has shown reasonable cause for failure to file such returns so as not to be liable for the additions to tax under sections 6651(a)(1) for the years 1981 and 1982; (2) whether petitioner is entitled to a credit or refund of the agreed overpayment in tax for each of the years 1979 and 1980 or whether the provisions of section 6511(a) and section 6511(b) prohibit the allowance of a credit or refund of the agreed overpayment; (3) whether petitioner is liable for the additions to tax under section 6653(a)(1) and section 6653(a)(2) for each of the years 1981 and 1982 for negligence or intentional disregard of rules and regulations; and (4) whether petitioner is liable for the addition to tax under section 6654(a) for failure to pay estimated tax for each of the years 1981 and 1982. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in Dallas, Texas, at the time his petition in this case was filed. He *416 was employed during the years here in issue by CIC Cosmetics International Corporation in Dallas, Texas. In each of the years here in issue, petitioner was issued a Form W-2, Wage and Tax Statement, by CIC Cosmetics International Corporation showing total wages or other compensation paid to him and the amount of Federal income tax withheld from this compensation. Mr. Ronald Sawyer, who was the comptroller of CIC Cosmetics International Corporation for each of the years here involved and for some years prior thereto, assisted petitioner in the preparation of his Federal income tax returns. Mr. Sawyer was not a CPA, but he had several accounting courses in college, and at one time he had worked for H & R Block. After he had assisted petitioner in collecting the information for the preparation of his return, Mr. Sawyer would take the information to petitioner's office and together they would prepare petitioner's return. After the return was prepared, petitioner would go over the return, sign it and usually hand it to his mother, who worked for CIC Cosmetic International Corporation as his assistant, to mail. For either the year 1979 or 1980, petitioner himself mailed the return. *417 This return was mailed late on the last day for filing a return and was taken by petitioner and handed to someone collecting mail outside the post office. Petitioner's mother was with him when he handed the envelope to the person outside the post office. For each of the other years, petitioner's mother took the envelope containing petitioner's return and dropped it in the mail sometime prior to the last date for filing returns. Petitioner kept copies of his returns for the years 1979, 1980, 1981, and 1982 at his office. He was out of the city when the company for which he worked went into bankruptcy. The copies he had kept of his Federal tax returns were taken over by the trustee along with all the records of the company. Respondent's records show that on August 6, 1984, there was filed in petitioner's name, with his social security number, a substitute for return for each of the years here involved. The record shows no filing of any return, either by or on behalf of petitioner, prior to August 6, 1984, when the substitutes for return were filed. The substitutes for return filed with petitioner's name were made out by an employee of respondent and contained no information other *418 than petitioner's name and social security number. A substitute for return is filed by an employee of respondent when the records of respondent show no return has been filed by a taxpayer. On September 2, 1987, respondent mailed a separate notice of deficiency to petitioner for each of the years 1979, 1980, 1981, and 1982, determining deficiencies as hereinabove set out. On October 13, 1987, petitioner filed his petition in this case. On December 9, 1987, petitioner filed a return for each of the years here involved with respondent's Austin Service Center. Petitioner did not have the copies of the returns he had previously made out at that time. However, with the help of Mr. Sawyer, petitioner reconstructed from other documents to the best of his ability a return for each of the years. These returns showed various business expenses and other deductions which have now been agreed upon by the parties. An employee of respondent requested information by use of document locator numbers with respect to any returns filed by petitioner for any of the years 1979, 1980, 1981, and 1982. The only returns located were the substitutes for return prepared by an employee of respondent and *419 the returns filed by petitioner on December 9, 1987. The records of respondent show no filing of any other returns by or on behalf of petitioner for the years here involved. OPINION Under the facts we have found, it is clear that petitioner did not timely file Federal income tax returns for any of the years here involved. If we accept the fact that for each year petitioner prepared and placed in the mail a Federal income tax return, this would not establish that a return was filed. It has long been held that filing of a document is not complete until the document is delivered or received. United States v. Lombardo, 241 U.S. 73, 76 (1916). The records of respondent show that no return was received by respondent for any of the years here in issue. Based on the evidence in this case, we conclude that no returns were received by respondent from petitioner for any of the years here involved until December 9, 1987, after the issuance of the notices of deficiency. Therefore, under the general rule, no returns would be considered as filed by petitioner until December 9, 1987. Section 7502 deals with circumstances under which the mailing of a return will be considered *420 as its filing. Section 7502(a)(1) provides that if any return required to be filed within a prescribed period, or on or before a prescribed date, is after such period or date, delivered by United States mail to the agency, officer, or office with which such return is required to be filed, the date of the United States postmark stamped on the cover in which such return is mailed shall be deemed the date of delivery of the return. Under section 7502(a)(1), the timely mailing of a document is not the filing of that document unless the document is delivered to the agency to which it is properly addressed. Miller v. United States, 784 F.2d 728 (6th Cir. 1986). There is an exception to this rule in connection with registered and certified mail, but the record is clear that petitioner did not send his returns either by registered or certified mail. This case is distinguishable from the recent case of Estate of Wood v. Commissioner, 92 T.C. (April 12, 1989). In that case, the taxpayer proved that the return had been placed in an envelope, properly addressed with sufficient postage placed thereon, taken to the post office, and a postmark date placed on the envelope *421 by the postmistress within the time allowed for filing the return. In that case, the respondent offered no evidence that the return had not been received. Relying on the rule that absent contrary proof of irregularity, proof of a properly mailed document creates a presumption that the document was delivered and actually received by the person to whom addressed, we concluded that the return had been filed. In the Estate of Wood case, we distinguished Miller v. United States, supra, and Walden v. Commissioner, 90 T.C. 947 (1988), on the ground that the taxpayer in neither of those cases had proved the date of the postmark, if any, on the envelope, and the fact that respondent had offered evidence in both of those cases to show that the claim or return was not received. The instant case has facts comparable to those in Miller v. United States, supra, and Walden v. Commissioner, supra, and is distinguishable from Estate of Wood v. Commissioner, supra. Based on the facts here present, we hold that petitioner did not file a Federal income tax return for any of the years here involved until December 9, 1987. *422 Since we have concluded that no returns were filed for the years 1979 and 1980, until December 9, 1987, and petitioner has not contended or shown that any claim for refund of an overpayment of tax for either of those years aside from a return was filed, we conclude that the first claim for refund filed by petitioner (unless his petition filed in October 1987 might be considered such a claim) was on December 9, 1987. See Miller v. United States, supra. Section 6511(a) states the general rule for timely filing of a claim for credit or refund. That section provides that a claim for credit or refund of an overpayment of any tax in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within three years from the time the return was filed or two years from the time the tax was paid, whichever period expires later, or if no return was filed, within two years from the time the tax was paid. Section 6511(b) provides that no credit or refund shall be allowed after the expiration of the period of limitation prescribed in section 6511(a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by *423 the taxpayer within that period; and that if a claim for credit or refund is filed, the credit or refund shall not exceed the amount of tax paid within three years before the filing of the return or two years before the filing of the claim. Section 6513(b) provides that for the purpose of section 6511, any tax deducted and withheld during a calendar year, in respect of a taxpayer's income, shall be deemed to have been paid by him on the 15th day of the fourth month following the close of the taxable year with respect to which such tax is withheld. It is therefore apparent that since the refund here involved was occasioned by withholding, the payment date of the tax for 1979 would be April 15, 1980, and for 1980 would be April 15, 1981. Three years after April 15, 1980, is April 15, 1983, and three years after April 15, 1981, is April 15, 1984. The notices of deficiency in this case were mailed on September 2, 1987, the petition was filed in October 1987, and the returns were filed December 9, 1987. We need not discuss whether the petition might be considered to constitute a claim for refund since neither it nor the returns for 1979 and 1980 were filed within two years of the payment *424 of any portion of the tax and no portion of the tax was paid within three years before the filing of the returns on December 9, 1987. Section 6512(b) deals with the jurisdiction of this Court to determine overpayments of tax. Section 6512(b)(2) provides that no credit or refund of an overpayment found by the Court shall be allowed unless the Court finds as a part of its decision that (1) the amount was paid after the issuance of the notice of deficiency, (2) the period applicable under section 6511 for filing of a claim had not expired on the date the notice of deficiency was mailed or, (3) a claim for refund had been filed within the period provided for in section 6511. None of the above listed facts are present in this case, and therefore no credit or refund of the agreed overpayments for the years 1979 and 1980 may be allowed nor made. Since no timely returns were filed by petitioner, he is liable for the additions to tax under section 6651(a)(1) for the years 1981 and 1982 for failure to timely file returns unless he can show that his failure to file the returns was due to reasonable cause and not due to willful neglect. The evidence produced by petitioner was persuasive *425 that, in fact, returns were mailed. Petitioner pointed out that he had more tax withheld from his salary in 1979 and 1980 than he owed in taxes for those years and, therefore, had every reason to file a return in each of those years to claim this refund. Petitioner testified that he did file returns for both of those years. He further testified that attached to the return for each of the years 1981 and 1982 which he filed was a request that the amount due to him for the years 1979 and 1980 be used to discharge the tax shown as due on those returns. Petitioner testified that since he was due refunds of overpayments for 1979 and 1980, he did not enclose a check with his returns for 1981 or 1982. He testified that he thought it was satisfactory to ask that the overpayments for 1979 and 1980 be used to discharge the 1981 and 1982 liabilities. While it is difficult to believe that returns of the same individual for four consecutive years were lost or misplaced in the mail, it is equally difficult to believe that an individual of petitioner's intelligence would not file a return to claim a refund. Petitioner appeared to the Court to be an honest individual as did Mr. Sawyer and petitioner's *426 mother. Each of them testified with respect to the preparation and mailing of petitioner's returns. Mr. Sawyer specifically testified with respect to sitting with petitioner and working on the returns until they were completed. Petitioner and his mother both testified as to the mailing of the returns. Based on the evidence as a whole, we conclude that petitioner did, in fact, prepare and place in the mail his return for each of the years here involved. We consider this fact to be reasonable cause for petitioner's failure to timely file returns for 1981 and 1982. The evidence also shows that the return petitioner prepared and mailed for each of the years here involved was reasonably accurate. The returns petitioner filed on December 9, 1987, were reconstructed from the same information used to prepare petitioner's original returns. The evidence shows that the returns filed on December 9, 1987, were substantially accurate. On this basis we hold that petitioner is not liable for the additions to tax under sections 6653(a)(1) and (a)(2) for 1981 and 1982. Respondent has made no argument with respect to the addition to tax determined under section 6661(a) for 1982, but does not *427 specifically concede that no such addition is due. Since the amount of the understatement for 1982 as agreed to by the parties is less than $ 5,000, section 6661(a) is not applicable, and therefore petitioner is not liable for an addition to tax under section 6661(a) for 1982. Section 6654 provides for an addition to tax for underpayment of estimated tax with exceptions not here applicable. Petitioner does not contend that he paid any estimated tax for the years 1981 and 1982 except by way of withholding. The record also shows that the withholding was not sufficient to pay the total amount of estimated tax required to be paid under section 6654. Respondent determined additions to tax for failure of petitioner to pay sufficient estimated tax for each of the years 1981 and 1982. Petitioner claims that he should not be required to pay the additions to tax since he attached to his return for each of the years 1981 and 1982 a request that his overpayments for 1979 and 1980 be used to discharge his liabilities for 1981 and 1982. As heretofore found, the returns to which petitioner testified he attached the requests were not filed since they were not received by respondent. Petitioner *428 apparently takes the position that he should not be required to pay the additions to tax under section 6654 since it was reasonable for him to request that the overpayments be used to discharge his 1981 and 1982 liabilities. Except where a taxpayer can fit within one of the exceptions, the addition to tax under section 6654 is mandatory. This section contains no provision, relevant to the facts here involved, that the addition to tax is not due if there is reasonable cause for the underpayment or the underpayment is not due to willful neglect. Since the provisions of section 6654 are mandatory, no showing of a reason for failure to make the payment relieves a taxpayer from the payment of the section 6654 addition to tax. Estate of Ruben v. Commissioner, 33 T.C. 1071 (1960). We therefore sustain respondent's determination of additions to petitioner's tax for the years 1981 and 1982 under the provisions of section 6654. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩