59 F.3d 170
 76 A.F.T.R.2d 95-5137, 95-2 USTC P 50,368
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BMC BANKCORP, INC., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-5842.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1995.
 
 Before: KEITH and BATCHELDER, Circuit Judges and ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 BMC Bankcorp, Inc. ("BMC") filed a claim against the Government for a refund of corporate income taxes for tax year 1988, seeking a refund of $45,032, plus interest. The Government moved to dismiss, arguing that the district court lacked jurisdiction because BMC had not timely filed its claim for refund. After reviewing briefs filed by both parties, the district court treated the Government's motion to dismiss as one for summary judgment, which it granted, dismissing the taxpayer's claim. BMC filed a timely appeal to this Court. We affirm.
 
 I.
 
 2
 BMC, a bank holding company, is a Kentucky corporation. After timely filing corporate income tax returns for the years 1988, 1989 and 1990, BMC discovered that it had overpaid its taxes for those years; therefore, BMC's accountant prepared amended returns to claim refunds. BMC's accountant prepared the amended returns and gave them to Paul Thurman, the officer at BMC responsible for such matters, with instructions to file the 1988 refund claim immediately and to file the 1989 and 1990 claims soon thereafter. Thurman asserts that he followed the accountant's instructions in executing and mailing the three amended returns claiming refunds for overpaid taxes. BMC concedes that none of the amended returns was sent by certified or registered mail; rather, BMC states that it followed the instructions of its accountant in reliance on Internal Revenue Service ("IRS") publications and mailed the amended returns by first class postage-paid delivery.
 
 
 3
 By notices dated March 16, 1992, and April 13, 1992, the IRS acknowledged receipt of the 1989 and 1990 amended tax returns and allowed the claimed refunds for those years. BMC alleges that the IRS received and subsequently lost its 1988 amended return, which BMC alleges was "handled according to [BMC's] general office procedure for posting of mail." When the 1988 refund was not forthcoming, BMC sent another 1988 amended return dated December 1, 1992, which the IRS received on December 7, 1992. Because BMC's original 1988 tax return had been filed on March 10, 1989, the IRS denied the refund claim received in December 1992 as having been untimely filed.[1] BMC then filed this action in the district court.
 
 II.
 
 4
 The federal courts exercise jurisdiction over suits for the refund of federal taxes pursuant to 28 U.S.C. Sec.1346(a)(1), together with 26 U.S.C. Sec. 7422, which provides that a taxpayer may not maintain a court action to recover a refund of income tax "alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed...." 26 U.S.C.A. Sec. 7422(a) (West 1995). Because the word "filed" has never been defined by Congress, the Supreme Court articulated the "physical delivery rule" stating the general requirement that filing of a document is not complete until it has been delivered and received. United States v. Lombardo, 241 U.S. 73, 76 (1916). To mitigate disparities caused by differences in mail delivery from one part of the country to another,[2] Congress enacted 26 U.S.C. Sec. 7502, explicitly providing two statutory exceptions to the physical delivery rule with respect to the filing of income tax returns and claims. Under Sec. 7502(a), by producing the postmark, a taxpayer may rely upon the statutory presumption of receipt of the document or payment on the date of the postmark even though the item was received by the IRS after the deadline. 26 U.S.C.A. Sec. 7502(a) (West 1995). Under Sec. 7502(c), a taxpayer may prove timely mailing by producing the date shown on the postal receipt given for documents sent to the IRS by registered or certified mail. 26 U.S.C.A. Sec. 7502(c) (West 1995). The receipt is prima facie evidence of delivery; however, the presumption of receipt under either of these statutory mailbox rule provisions is rebuttable by the IRS.
 
 
 5
 BMC could produce neither the postmark nor a registered or certified mail receipt for the 1988 refund claim. Therefore, BMC sought to use the common-law mailbox rule to establish jurisdiction; that rule permits the taxpayer to raise a rebuttable presumption of delivery to the IRS by offering proof of timely mailing. The district court found "strong proof that [BMC] timely mailed the 1988 refund claim and, in turn, a strong inference of delivery to the IRS," and expressed its concern that this Court's construction of the statutory "timely mailing treated as timely filing" provisions "leaves the IRS unaccountable for any mishandling of tax returns," particularly "in this case given the corroborating circumstances of the 1989 and 1990 refund claims." Nevertheless, because of this Court's decisions in Miller v. United States, 784 F.2d 728 (6th Cir.1986) and Surowka v. United States, 909 F.2d 148 (6th Cir.1990) (both holding that 26 U.S.C. Sec. 7502 is the exclusive means of establishing timely mailing of a claim for refund, displacing the common-law mailbox rule), the district court concluded that it was "constrained by unequivocal Sixth Circuit precedent" to grant judgment to the Government.
 
 
 6
 We must affirm the judgment of the district court. While we express no opinion on either the strength of the proof offered by BMC to show that the 1988 refund claim was timely mailed to the IRS or the soundness of the decisions of the Eighth and Ninth Circuits[3] holding contrary to our decisions in Miller and Surowka, we are constrained to follow the clear precedent of this Circuit.[4] In both Miller and Surowka, we squarely rejected the plaintiffs' attempts to introduce extrinsic evidence other than the postmark or mail receipts to prove timely filing, and concluded that "the only exceptions to the physical delivery rule available to taxpayers are the two set out in section 7502." Miller, 784 F.2d at 730-31; Surowka, 909 F.2d 150-51. That rule is dispositive of this case.[5]
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 It appears that BMC was unaware that the amended 1988 return prepared and allegedly mailed in January 1992 was missing until after the three-year limitations period had expired
 
 
 [2]
 See Miller v. United States, 784 F.2d 728, 730 (6th Cir.1986) (citing Sylvan v. Commissioner, 65 T.C. 548, 551 (1975)); accord Estate of Wood v. Commissioner of Internal Revenue, 909 F.2d 1155, 1158 (8th Cir.1990)
 
 
 [3]
 See Anderson v. United States, 966 F.2d 487 (9th Cir.1992); Estate of Wood v. Commissioner, 909 F.2d 1155 (8th Cir.1990)
 
 
 [4]
 See Salmi v. Secretary, 774 F.2d 685 (6th Cir.1985) (holding that one panel cannot overrule another panel; the prior decision of a panel of the Court of Appeals remains controlling authority in subsequent proceedings before other panels of that court unless inconsistent decision of the United States Supreme Court requires modification of the earlier decision, or unless the Court of Appeals sitting en banc overrules the prior decision)
 
 
 [5]
 BMC has raised as an additional assignment of error a claim that the Government is estopped from asserting that timely mailing by regular mail does not give rise to a presumption of receipt. BMC bases this claim on an IRS publication which contains this language: "Your return is filed on time if it is properly addressed and postmarked no later than the due date." Although the Supreme Court has not explicitly held that no estoppel claim could ever succeed against the Government, the Court has pointed out that it has reversed every finding of estoppel against the Government that it has reviewed. Office of Personnel Management v. Richmond, 110 S.Ct. 2465, 2470 (1990). And the Court has also made it clear that, even assuming that an appropriate case in which to apply estoppel against the Government might someday arise, "equitable estoppel will not lie against the Government as it lies against private litigants." Id. at 2469. This Circuit has held that, if estoppel will lie against the Government, "at the very minimum, some affirmative misconduct by a government agent is required as a basis of estoppel." United States v. Guy, 978 F.2d 934, 937 (6th Cir.1992). While we readily concede that BMC might easily have been misled by the statement cited in the IRS publication, we cannot find that the statement constitutes affirmative misconduct on the part of the Government. This assignment of error is without merit