**In re Walter Stanley KEANE, Debtor.**

Bankruptcy No. 87–03845–H7.
Adv. No. C87–0628–H7.

United States District Court,
S.D. California.

Feb. 7, 1990.

478

Nancy E. Perham, O'Gara & McGuire, San Francisco, Cal., for trustee.

Clinton L. Smith, Del Mar, Cal., for debtor.

RHOADES, District Judge.

The Motion of the Trustee in the above-referenced bankruptcy, Steven A. Berkowitz, for an Order of Contempt and Sanctions, and the Certification of Civil Contempt of the United States Bankruptcy Court, came before this Court, the Honorable John Rhoades presiding, for hearing and trial on September 11, 1989, and January 8 and 9, 1990. Nancy E. Perham of O'Gara and McGuire appeared as Special Counsel for the Trustee, and Clinton L.

Smith appeared for the debtor, Walter Stanley Keane. The debtor, was present at all times.

## BACKGROUND

This civil contempt proceeding originated as an action against the debtor in the United States Bankruptcy Court for the Southern District of California, initiated by an Order to Show Cause entered on December 21, 1988 and returnable on January 20, 1989.

A hearing was held on January 20, 1989, before the Honorable John J. Hargrove, United States Bankruptcy Judge. On March 31, 1989, Judge Hargrove entered his Proposed Findings of Fact and Conclusions of Law that Walter Keane be found in contempt of court for deliberately and willfully failing to comply with the Court's Order of November 3, 1988, and recommended to the United States District Court that Walter Keane be imprisoned until he fully complies with the Order. Also on March 31, 1989, Judge Hargrove certified the Proposed Findings of Fact and Conclusions of Law to the United States District Court, and certified copies of the documents submitted to the Bankruptcy Court on the Trustee's Motion for Turnover Order filed August 15, 1988 and the Trustee's Application for Order to Show Cause re Contempt heard on January 20, 1989.

The case was transferred to the United States District Court on June 6, 1989, pursuant to Bankruptcy Rules 9020 and 9033.

## CONTEMPT TRIAL

On September 11, 1989 and January 8 and 9, 1990, the United States District Court conducted a trial of the civil contempt matter pursuant to *Pennwalt Corporation v. Durand—Wayland, Inc.* 708 F.2d 492, 495 (9th Cir.1983). At the September 11 hearing and again on January 8, the Court advised the debtor of his constitutional rights pursuant to *United States v. Rendahl,* 746 F.2d 553 (9th Cir.1984) and *Sevier v. Turner,* 742 F.2d 262, 267 (6th Cir.1984).

At the September 11 hearing, the Court and the Trustee examined Walter Keane under oath. During the trial of January 8 and 9, the Trustee called as witnesses Herbert Niermann, Crandall Condra, Walter Keane and Janice Adams (by deposition). Mr. Keane called Marilyn Burns.

The Court considered all of the evidence de novo pursuant to 28 U.S.C. § 157(c)(1) and Bankruptcy Rule 9033. After considering the testimonial and documentary evidence submitted at the trial, the opening statements and closing arguments of counsel, the documents and Proposed Findings of Fact and Conclusions of Law certified to the United States District Court by the United States Bankruptcy Court and the memoranda submitted by the Trustee on the contempt motion, the Court makes its findings, conclusions and Order:

## FINDINGS

1. The Bankruptcy Court's Order filed on November 1, 1988 and entered on November 3, 1988 was a specific, detailed order which issued an unequivocal command. *Dollar Rent–A–Car of Washington, Inc. v. Travelers Indemnity*, 774 F.2d 1371 (9th Cir.1985). The Order was in the alternative; it ordered Walter Keane to turn over specific items of property or to provide specific information as to where those items are.

2. Walter Keane knew of the Order and its contents.

3. The Trustee has shown by clear and convincing evidence evidence that Walter Keane failed to comply with the November 3d Order and that he was able to comply. Mr. Keane failed to turn over the specific items of property listed in the November 3d Order, and failed to provide specific information as to those items if he was unable to turn over the specific items. The Court does not believe Mr. Keane's testimony that he has no documentary information about his property and that he does not know where it is.

4. The Court adopts and accepts the Proposed Findings of Fact and Conclusions of Law certified to it by the Bankruptcy Court in its Certification of Civil Contempt and incorporates the same by reference into this Order. The Certification of Civil Contempt is attached as an Exhibit to this Order.

## CONCLUSIONS OF LAW

1. Civil contempt is the appropriate remedy in this proceeding, in that the goal is coercive, not punitive.

2. The Trustee has proven by clear and convincing evidence that Walter Keane's failure to comply with the Court's November 3, 1988 Order merits the imposition of civil sanctions.

IT IS HEREBY ORDERED that:

1. The debtor Walter Stanley Keane is in civil contempt for having failed and refused to comply with the United States Bankruptcy Court's Order of November 3, 1988.

2. Walter Keane is to be taken into custody until he purges himself of his contempt by complying with said Order.

3. The execution of this Court's Order is suspended until March 12, 1990 at 10:30 a.m.

4. On March 12, 1990, at 10:30 a.m., Walter Keane and the trustee will appear and provide evidence that the Order of the Bankruptcy Court has or has not been complied with.

5. If Walter Keane has not complied with the Bankruptcy Court's Order by the above date and time, he will be placed into custody and imprisoned.

## EXHIBIT

## CERTIFICATION OF CIVIL CONTEMPT

I, John J. Hargrove, Bankruptcy Judge in the above-entitled case, upon the application of Steven A. Berkowitz, the duly appointed and qualified Chapter 7 trustee (the "trustee") of Walter Stanley Keane ("Keane" or the "debtor"), and after a hearing held on January 20, 1989, on due notice to Walter Stanley Keane, do hereby respectfully submit the following proposed findings of fact and conclusions of law to

EXHIBIT—Continued

the United States District Court for the Southern District of California.

The trustee moved by Order to Show Cause, entered on December 21, 1988, and returnable on January 20, 1989, for an order finding Walter Stanley Keane: to be in civil contempt of this court for disobedience of its order dated November 1, 1988 and entered November 3, 1988, which order required Keane to turn over to the trustee, within thirty days, specified assets, or alternatively, provide specific information relating to said assets within thirty days of the signing and filing of said order. The trustee requested that Mr. Keane be incarcerated until he complies with the order of this court.

On January 20, 1989, I conducted a hearing on the trustee's Order to Show Cause for the imposition of civil or criminal sanctions. At the hearing I indicated that a monetary sanction is not likely to be a deterrent to Mr. Keane's obstructionist tactics. Below are this court's findings and conclusions on the trustee's motion seeking a certification of civil contempt.

PROPOSED FINDINGS OF FACT

1. On May 29, 1987, Keane filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of California.

2. On June 3, 1987, this court entered its order appointing Steven A. Berkowitz as interim trustee of the estate of the debtor. Thereafter, Berkowitz became the duly appointed and authorized trustee of the estate.

3. Debtor's petition schedules assets valued at $5,702.50. This total amount is claimed as exempt.

4. The primary creditor in the bankruptcy is Margaret Keane, also known as Margaret Keane McGuire. On September 4, 1987, Margaret Keane filed a complaint objecting to discharge of debtor on the grounds, *inter alia*, that Walter Keane had concealed, transferred or removed substantial assets of the estate.

5. Discovery in the adversary proceeding established that Walter Keane had prepared a written inventory of property (Keane artwork) belonging to him, stating a retail value of $515,100 and a wholesale value of $234,850, which he had not disclosed in his petition. Discovery further revealed that Keane had in his possession, custody, or control, or in locations to which he or others acting on his behalf had transferred such property, at least ten additional original Keane paintings, additional greeting cards, and prints or lithographs of Keane paintings. Finally, discovery revealed that the location of the assets was known to Keane, and the assets were in his possession or under his control within one year prior to his filing of the bankruptcy petition in May of 1987.

A. *The Prior Order and Direction of this Court.*

6. On November 3, 1988, the court issued an order which, in part, specifically states that it is ordered that:

2. The Debtor, Walter Stanley Keane, shall turn over to the Trustee, within thirty days of the signing and filing of this Order, the following property:

(a) All property listed on the inventory prepared by Walter Keane, a copy of which is attached to this Order;

(b) All greeting cards owned by Walter Keane which are not listed on the above-referenced inventory, e.g., those in possession of the Runswick family, stored at a commercial location known as "Inlite" located in Berkeley, California; or at any other location;

(c) The originals and all prints or lithographs of the following art work (copies of photographs and greeting cards of these paintings are attached to this Order):

(i) "The Ballet Class", Exhibit 9D to the deposition of Janice Adams;

(ii) "The Calico Cat", Exhibit 9E;

(iii) Clown, Exhibit 9F;

(iv) Walter Keane in North Beach, Exhibit 9G;

(v) Hobby Horse, Exhibit 9H;

EXHIBIT—Continued

(vi) Three children looking over fence, Exhibit 9I;

(vii) "Hunger", Exhibit 9J;

(viii) Girl on stairs, Exhibit 9K;

(ix) "Tomorrow Forever", Exhibit 10C;

(x) "Sisters of Seville", Exhibit 10L;

(xi) "Girls of Toledo", (photograph not available);

(d) The originals and all prints, lithographs or copies of any other Keane artwork in the debtor's possession, custody or control, or which the debtor is able to obtain.

(e) All other non-exempt property of the debtor in the debtor's possession, custody or control, or which the debtor is able to obtain.

3. The debtor is ordered to obtain and turn over all of the above property which is in his possession, or within his control and in the possession of others, including but not limited to the following persons or entities: Janice Adams, Marilyn Burns, Donald Burns, John May, Margaret May, Joan Mervin Keane, Chantal Keane, Sascha Keane, James Ferrer, Inlite, Runswick family, or the owners of storage facilities where such property is stored.

The court further ordered that:

4. In the event the debtor is unable to turn over each item of property referred to above, the debtor shall identify, for each such item, the following:

(a) The name, address, and telephone number of the person or entity presently holding each such item:

(b) The present location, by specific address, of each such item;

(c) The most recent date on which the property was transferred by Walter Keane, or by anyone acting on his behalf, to such person or entity;

(d) For any item the debtor claims has been sold, he must identify:

(i) To whom the sale was made;

(ii) The date of sale;

(iii) The consideration for such sale;

(iv) All documentation for such sale.

5. For any such item of property which the debtor claims he is unable to turn over to the trustee for any reason, the debtor must turn over to the court and counsel any and all documentation which supports the reason he contends he cannot turn over such property, including but not limited to bills of sale, letters, telegrams, or receipts.

7. I find that Walter Stanley Keane was, through his attorney, served with the November 3, 1988 turnover order on November 3, 1988, and was personally served on November 14, 1988, with said order.

8. As I shall discuss below, Mr. Keane did not disclose any of the information requested in the order. Instead, he was evasive and was totally uncooperative with respect to what may amount to some of the most significant assets of the estate.

9. By Order to Show Cause signed December 21, 1988, the trustee moved to punish Mr. Keane for civil or criminal contempt for his violation and complete disregard of the terms of the order previously entered by the court. A hearing was held on that motion on January 20, 1989.

B. *The Testimony at the January 20th Hearing.*

10. The trustee called Crandall Condra, Keane's former attorney who performed services for him in June and July 1986. Condra testified that in June or July of 1986 Keane stated he had in his possession two original Keane paintings, and Condra was shown photographs of other paintings purportedly painted by Keane. It was represented by Keane that he could transfer ownership outright of one painting, and he did so to Condra. The other painting was pledged as security for attorneys' fees and costs.

11. While no other witnesses were sworn and testified, Keane did make statements on his own behalf. Keane stated: "So to this date I have no assets. I have no money. I don't have anything any different than I disclosed on that first day, and there has been no hidden assets." (Transcript 7:8–10).

EXHIBIT—Continued

12. At the January 20, 1989 hearing, I observed that: "Mr. Keane was aware of the order. He did respond, and that response is woefully inadequate. In fact, it equates to no response. He simply has failed to respond to the order." (Transcript 4:1–3). In discussing the November 3, 1988 order, I stated:

What you were ordered to do was to turn over those items that were listed specifically in the court order. If you can't do that, and you claim you cannot, then you were supposed to provide names, addresses, places of all those people holding those payments. You haven't done that. It was a very simple order. (Transcript 10:13–18).

13. I find therefore that Keane deliberately and willfully failed to comply with this court's turnover order of November 3, 1988. Keane failed to turn over the specific items of property listed in the order. If unable to turn over each item, Keane was ordered to provide specific information as to those items. Keane's response to the court's order was not made under penalty of perjury and was worthless. Moreover, it was unintelligible in most respects, and added nothing to the evidence already presented to the court by the trustee in his turnover motion. Much of Mr. Keane's statement consisted of scurrilous, irrelevant matter. I further find that Keane in his response listed information only for property he allegedly transferred to Janice Adams listed on his inventory, he did not identify any information for the paintings depicted in the exhibits, greeting cards or other art work, which were not part of the inventory. Keane did not respond to the request to provide information on any item he claimed was sold. Keane failed to submit any documentation supporting his reason for not turning over the property. Keane further listed information in his response about property of value in his possession which he had never disclosed to the court, estimated by Keane at a value of $600,000.

14. I further find that Keane willfully and deliberately intended to mislead and did mislead the trustee and the court concerning the nature and location of assets of the estate. Except for the diligence of the trustee's attorneys, Keane might have been completely successful in his efforts to hinder the trustee and divert possible estate property for his own use and benefit.

## PROPOSED CONCLUSIONS OF LAW

1. The instant Order to Show Cause moves for this court to certify to the district court proposed findings of fact and conclusions of law, relating to the civil contempt of Walter Stanley Keane. The procedure certifying civil contempt matters from the bankruptcy court to the district court is in accord with accepted procedures. *In re Sequoia Auto Brokers, Ltd. Inc.*, 827 F.2d 1281 (9th Cir.1987).

2. There is a distinction between the purpose to be served by a civil contempt order and a criminal contempt order. "[A] civil contempt order is remedial and coercive in nature, and is intended to secure compliance with lawful judicial decrees." *In re Irving*, 600 F.2d 1027, 1037 (2d Cir. 1979) *cert. denied*, 444 U.S. 866, 100 S.Ct. 137, 62 L.Ed.2d 89 (1979). A criminal contempt order on the other hand is intended to "punish willful disregard of the authority of the courts and to deter the occurrence of similar derelictions." *Id.*, (citing *U.S. v. United Mine Workers*, 330 U.S. 258, 302–03, 67 S.Ct. 677, 700–01, 91 L.Ed. 884 (1947)). Although Keane's conduct might well fit the standard applied in criminal contempt, we are more concerned with obtaining a constructive resolution of the question; "what does a court primarily seek to accomplish by imposing sentence?" *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622 (1966). Having primarily in mind the past history of the debtor and the interest of the creditors, our aim is to achieve efficient administration of the estate. Accordingly, I conclude that the "securing of compliance" available in civil contempt is appropriate here.

3. "[C]onsideration by a bankruptcy court of a civil contempt motion will encompass only two issues: whether the

EXHIBIT—Continued

alleged contemnor knew of the order and whether he complied with it." *Kellogg v. Chester*, 71 B.R. 36, 38 (N.D.Tex.1987). It must be shown that there exists an enforceable order that is clear and specific which unambiguously commands such party to perform or refrain from performing in accordance with the order. *International Long Shoremens Assoc., Local 1291 v. Philadelphia Marine Trade Assoc.*, 389 U.S. 64, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967). "The party seeking the contempt citation retains the ultimate burden of proof, but once he makes out a *prima facie* case, the burden of production shifts to the alleged contemnor, who must then come forward with evidence to show a present inability" to comply with the court's order. *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 984 (11th Cir.1986). Civil contempt must be proved by clear and convincing evidence. *Vertex Distributing, Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982). In deciding whether a proceeding before a lower court refers to "civil" or "criminal" contempt, the reviewing court is required to look to the purpose and character of the sanctions imposed, rather than to the label given to the proceeding by the court below. *In re Kave*, 760 F.2d 343, 351 (1st Cir.1985).

4. Having considered the evidence presented at the hearing on January 20, 1989, I concluded at that time as follows:

THE COURT: There has been no compliance with the court order, no turnover of the property of the estate, no listing of addresses, receipts, storage; and now apparently, as is set forth in the response of Mr. Keane, there is some more property that has never been disclosed before. This property apparently amounts to $500,000, approximately. That's the first time it's been discussed or disclosed to the court.

The report by Mr. Keane—Again, I concur; it's worthless. It doesn't comply at all with what is required in the order of this court, the prior court order, which set forth with specificity what was required.

\*   \*   \*   \*   \*   \*

I know you don't have possession or at least you said that. The next part was where are they; when did you give these items away. Where are they, name and addresses of persons who have them, or places of—storage facilities where they are being stored. You are making the decision as to whether you own them or not. That is not what you are being told to do.

This court will make that decision. The trustee contests that. The trustee contests that these items which you claim you do not have or do not own are, in fact, yours. You've given them away for inadequate consideration. They belong to the estate. The trustee may be able to recover those. The point is, the court will have to decide whether they are yours or this estates [sic] or they belong to other people. Where you have failed to cooperate is you have failed to provide names, addresses, the dates of the transfer. My order was very clear.

\*   \*   \*   \*   \*   \*

But right now, for purposes of this hearing, you have filed [sic] miserably to comply with this court's order, which was crystal clear. You were represented by counsel. The form should be in declaration form. I find you just willfully violated this court's order, and it's not the first time. (Transcript 4–16).

5. Civil contempt is an appropriate remedy under the circumstances of the case at bar. Mr. Keane cannot be allowed to conduct himself, in the flagrant manner established by this record, with impunity. He has willfully ignored and flouted a lawful order and deliberately hindered this court's administration of the case. Although Mr. Keane voluntarily sought the court's protection, he nevertheless disdains this court's process. Monetary sanctions are not likely to be a deterrent to Mr. Keane's obstructionist tactics. The trustee has proven by clear and convincing evidence that Mr. Keane's failure to comply with the court's November 3, 1988 order

EXHIBIT—Continued

merits the imposition of civil sanctions. The record clearly establishes that Mr. Keane was aware of his obligations under the order. Mr. Keane submitted no convincing evidence that he was unable to comply with the terms of the order.

6. I certify these proposed findings of fact and conclusions of law to the district court.

7. This court further certifies copies of the following documents:

(a) Trustee's Motion for Turnover Order filed August 15, 1988;

(b) Trustee's Memorandum of Points and Authorities in Support of Trustee's Motion for Turnover Order filed August 15, 1988;

(c) Declaration of Bart Prom in Support of Trustee's Motion for Turnover Order filed August 15, 1988;

(d) Declaration of Nancy E. Perham in Support of Trustee's Motion for Turnover Order filed August 15, 1988;

(e) Declaration of Margaret Keane in Support of Trustee's Motion for Turnover Order filed August 15, 1988;

(f) Deposition Excerpts, Interrogatories, and Deposition Exhibits in Support of Trustee's Motion for Turnover Order filed August 15, 1988;

(g) Debtor's Opposition to Trustee's Motion for Turnover Order; Memorandum of Points and Authorities filed August 23, 1988;

(h) Order Requiring Debtor to Turnover Property to the Trustee entered November 3, 1988;

(i) Ex Parte Application by Trustee for Order to Show Cause Re Contempt filed December 14, 1988;

(j) Trustee's Memorandum of Points and Authorities in Support of Ex Parte Application for Order to Show Cause Re Contempt filed December 14, 1988;

(k) Declaration of Nancy E. Perham in Support of Ex Parte Application for Order to Show Cause Re Contempt filed December 14, 1988;

(*l*) Order to Show Cause Re Contempt entered December 21, 1988;

(m) Trustee's Findings of Fact Re Contempt lodged February 27, 1989; and

(n) Excerpts from Reporter's Transcript of January 20, 1989 Hearing.

8. It is now the duty of this court to enforce its orders, and to administer sanctions commensurate with the behavior of Mr. Keane, which, in addition to being arrogant, has seriously hindered the administration of this estate. I therefore propose that Mr. Keane be imprisoned until he fully complies with the November 3, 1988 order of this court.

Dated: March 31, 1989.

(s) John J. Hargrove
John J. Hargrove
United States
Bankruptcy Judge