Mark SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 3:95 CV 7219.

United States District Court,
N.D. Ohio,
Western Division.

June 13, 1995.

William Scott O'Brien, Findlay, OH, for Mark Smith.

Ralph J. Lewis, Robert G. Trusiak, Office of the U.S. Atty., Toledo, OH, Jennifer M. Blunt, Dept. of Justice, Washington, DC, for U.S.

## MEMORANDUM OPINION

KATZ, District Judge.

This is an appeal from the decision of the United States Bankruptcy Court's judgment dated April 3, 1995 in which the Bankruptcy

Court denied Debtor–Appellant's motion for summary judgment, granted Appellant's motion for summary judgment, and ordered that Debtor–Appellant's tax liabilities for tax years 1987, 1988, 1989, and 1990 be excepted from discharge. Both parties have filed briefs setting forth their positions.

## I. STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from a judgment, order or decree of a bankruptcy court pursuant to 28 U.S.C. § 158(a). While Fed.R.Bankr.P. 8013 states that findings of fact shall not be set aside unless clearly erroneous, it is well established that a bankruptcy court's conclusions of law are subject to *de novo* review by the district court on appeal. *In re Caldwell,* 851 F.2d 852 (6th Cir.1988).

## II. BACKGROUND

The facts of this case are not in dispute. Debtor–Appellant filed a petition under chapter 7 of title 11 on November 23, 1993. Debtor–Appellant admittedly failed to timely file his federal income tax returns for tax years 1987, 1988, 1989 and 1990. Debtor–Appellant executed his 1987, 1988 and 1989 returns on Thursday, November 21, 1991, and forwarded them to the Internal Revenue Service (IRS) on Friday, November 22, 1991 via Federal Express.[1] The returns were stamped received by the IRS on November 25, 1991.

## III. LAW AND DISCUSSION

■ The Bankruptcy Code, 11 U.S.C. § 727(b), provides for the discharge of prepetition debts "except as provided in section 523." Section 523 provides, in relevant part, that a debtor's income taxes are not dischargeable debts to the extent that a return, if required:

was filed after the date on which such return was last due, under applicable law or under any extension, and after two

years before the date of the filing of the petition. . . .

11 U.S.C. § 523(a)(1)(B)(ii).

Section 523(a)(1)(B)(ii) applies to late returns filed within two years before the petition for bankruptcy was filed. Debtor–Appellant filed his petition for bankruptcy on November 23, 1991. Thus, Appellee argues, and the Bankruptcy Court held that, in order to be dischargeable, Debtor–Appellant's tax returns had to have been filed by November 23, 1991. As they were not filed until November 25, 1991, they were filed within the two-year window before the date of the filing of the petition, and the taxes for those years are therefore not dischargeable.

Debtor–Appellee argues that the Bankruptcy Court erred in two respects. First, he argues that the Bankruptcy Court should have applied Fed.R.Bankr.P. 9006, which states, in relevant part:

(A) Computation. In computing any period of time prescribed or allowed by . . . any applicable statute, the day of the . . . event, . . . from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, . . . in which event the period runs until the end of the next day which is not on the aforementioned days.

Debtor–Appellant argues that, because November 23, 1991 was a Saturday, when computing the day that was two years before November 23, 1993 (the date of the filing of the petition), the Court should apply Fed.R.Bankr.P. 9006 so as to deem November 25, 1991, the Monday after November 23, 1991, the day by which the returns had to have been filed.

The Bankruptcy Court rejected this contention, stating that "the date which falls 'two years before the date of the filing of the petition' under § 523(a)(1)(B)(ii) does not represent a filing deadline which can be expanded by Fed.R.Bankr.P. 9006(a)."

This Court agrees with the Bankruptcy Court. The Sixth Circuit in *In re Butcher,* 829 F.2d 596 (6th Cir.1987), *cert. denied,* 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020

---

1. Debtor–Appellant's 1990 tax return is not at issue in this appeal.

(1988), rejected a similar claim, and held that under a Bankruptcy Code provision requiring action to avoid preferential or fraudulent treatment to be commenced within two years after appointment of the trustee, the two-year period begins to run as of the date of the trustee's appointment, rather that the day after the trustee's appointment, and expires 24 months later, irrespective of whether the last day falls on a Saturday, Sunday or legal holiday. *Id.* at 600–601. Such holding is consistent with 28 U.S.C. § 2075, which states in pertinent part that the Federal Rules of Bankruptcy Procedure "shall not abridge, enlarge, or modify any substantive right." To apply Fed.R.Bankr.P. 9006 to expand the date that is "two years before the date of the filing of the petition" would be to impermissibly modify a substantive right. In short, Debtor–Appellant's argument is not well-taken.

■ In Debtor–Appellant's second assignment of error he claims that the Bankruptcy Court erred in applying a "physical delivery rule" for determining the filing date of the 1987, 1988, and 1989 income tax returns. The "physical delivery rule" holds that documents are deemed "filed" when "'delivered and received'" by the IRS. *Miller v. United States,* 784 F.2d 728, 730 (6th Cir.1986) (citations omitted). Debtor–Appellant argues that because 11 U.S.C. § 523 is a bankruptcy statute, questions of bankruptcy law are involved and the Internal Revenue Code is inapplicable. As support for this proposition, Debtor–Appellant relies on *In re American Healthcare Management, Inc.,* 900 F.2d 827 (5th Cir.1990) and *In re Buyer's Club Markets, Inc.,* 100 B.R. 37 (Bankr. D.Colo.1989). However, upon examination of these cases, the Court finds that neither is controlling of, or even germane to, the instant case.[2]

■ The term "filed" is not defined in the Bankruptcy Code. Therefore, the Bankruptcy Court properly applied the Internal Revenue Code's definition of "filing." In general, an income tax return is deemed filed on the date when the return is physically delivered to and received by the IRS. *Miller v. Unit-*

ed *States,* 784 F.2d at 730. The Internal Revenue Code does contain a statutory exception to the physical delivery rule referred to the "timely mailing is timely filing" rule. 26 U.S.C. § 7502. This rule provides that if a return is mailed on or before its prescribed due date, the date of delivery will be deemed to be the date of the postmark on the cover in which such return is mailed. 26 U.S.C. § 7502. This rule is inapplicable to the instant case, however, because Debtor–Appellant's returns were late filed. *See, e.g., Sanderling, Inc. v. Commissioner,* 67 T.C. 176, 1976 WL 3701 (1976), *aff'd in part,* 571 F.2d 174 (3rd Cir.1978) (by the express terms of 26 U.S.C. § 7502 the timely mailing is timely filing rule is inapplicable when a return is mailed after its due date). Consequently, in the instant case, the date of filing is the date that the returns were received by the IRS, and that date is November 25, 1991. Debtor–Appellant's second assignment of error is not well-taken.

## IV. CONCLUSION

For the reasons set forth above, this Court will affirm the decision of the Bankruptcy Court denying Debtor–Appellant's motion for summary judgment, granting Appellant's motion for summary judgment, and ordering that Debtor–Appellant's tax liabilities for tax years 1987, 1988, 1989, and 1990 be excepted from discharge.

IT IS SO ORDERED.

### JUDGMENT ENTRY

For the reasons stated in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that the decision of the Bankruptcy Court denying Debtor–Appellant's motion for summary judgment, granting Appellant's motion for summary judgment, and ordering that Debtor–Appellant's tax liabilities for tax years 1987, 1988, 1989, and 1990 be excepted from discharge is affirmed.

---

**2.** Debtor–Appellant also cites *"Re: Lazdis,* (1989) BC WD Tex. 110 BR 479." However, such cite

is incorrect, and this Court was unable to locate such case through research.