In re Thomas J. DOUGHERTY, Helen
D. Dougherty, Debtors.

Thomas J. DOUGHERTY, Helen
D. Dougherty, Plaintiffs,

v.

INTERNAL REVENUE SERVICE,
SPECIAL PROCEDURES
DIVISION, Defendant.

Bankrtupcy No. 94–17635DAS.
Adv. No. 95–0626DAS.

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 25, 1995.

Bernadette McGinley, Philadelphia, PA, for Plaintiff–Debtors.

Shannon L. Hough, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Defendant.

Edward Sparkman, Philadelphia, PA (Standing Chapter 13 Trustee).

Frederic Baker, Asst. U.S. Trustee, Philadelphia, PA.

## MEMORANDUM

DAVID A. SCHOLL, Chief Judge.

The facts of the instant matter are straightforward and undisputed. THOMAS J. DOUGHERTY and HELEN D. DOUGHERTY ("the Debtors") filed a joint Chapter 13 bankruptcy case on November 17, 1994. At that time, the Debtors had failed to file federal income tax returns for tax years 1990 and 1991.

During the course of their case, the Debtors mailed their 1990 and 1991 returns to the INTERNAL REVENUE SERVICE, SPECIAL PROCEDURES DIVISION ("the IRS") on April 19, 1995, which were received by the IRS on April 28, 1995. The IRS disallowed the Debtors' 1990 and 1991 tax claims in a letter dated July 25, 1995, because the returns were filed more than three years after their due dates.

The Debtors' amended plan of reorganization was duly confirmed on August 2, 1995. On August 18, 1995, the Debtors instituted the instant adversary proceeding ("the Proceeding") to recover $2,312.00, the amount which the Debtors alleged was owed to them by the IRS for overpayment of income taxes for tax year 1991. In so doing, the Debtors invoked 11 U.S.C. § 362, alleging that, by failing to "turn over" the $2,312.00 to them, the IRS was violating the automatic stay.

On the scheduled trial date of the Proceeding, September 26, 1995, the IRS noted that, on the previous day, it had filed a Motion to Dismiss the Complaint in the Proceeding ("the Motion"), pursuant to Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7012, incorporating Federal Rule of Civil Procedure ("F.R.Civ.P.") 12(b)(6), attaching thereto a Brief Memorandum of Law. After a colloquy with counsel, we entered an Order of September 27, 1995, allowing the Debtors until October 10, 1995, to respond to the Motion and continuing any necessary trial to October 31, 1995. We conclude that the trial is not necessary, because the Motion must be granted.

The Debtors argue that the proceeds of the requested tax return is within the broad scope of property of their estate. However, as this court pointed out most recently in *In re Jones,* 179 B.R. 450, 455 (Bankr.E.D.Pa.1995), although whatever rights the Debtors have in the refund would appear to in fact be property of their estate, the issue of whether those rights entitle them to a turnover of the refund proceeds must be resolved under applicable nonbankruptcy law. *See also In re CS Associates,* 121 B.R.

942, 958–60 (Bankr.E.D.Pa.1990); *In re Summit Airlines, Inc.*, 94 B.R. 367, 370 (Bankr.E.D.Pa.1988), *aff'd,* 102 B.R. 32 (E.D.Pa.1989); and *In re Temp–Way Corp.*, 80 B.R. 699, 702 (Bankr.E.D.Pa.1987).

■ We should also note that we consider the Debtors' invocation of 11 U.S.C. § 362(a) to be misplaced. The Debtors are simply invoking 11 U.S.C. § 542(a) to seek a turnover of estate funds allegedly due to them from the IRS. As we stated in *In re TM Carlton House Partners, Ltd.*, 93 B.R. 859, 870 (Bankr.E.D.Pa.1988), "we do not believe that it is a violation of the automatic stay for a party indebted to a debtor to refuse to make payments." A debtor can more properly simply file an adversary proceeding to recover the sums due without invoking § 362. *Id.*

■ The IRS contends that the applicable nonbankruptcy federal law precludes the Debtors' claim because it is untimely. This analysis begins with reference to 26 U.S.C. § 6513 of the Internal Revenue Code ("the IRC"), which provides that any tax deducted and withheld during the tax year is considered paid on April 15 of the year following the tax year. The IRC, at 26 U.S.C. § 6511(a), establishes a three-year limitation period after the April 15 return due date following the tax year for filing a claim for a refund. A claim must be filed before the IRS will consider allowing a credit or a refund. 26 U.S.C. § 6511(b)(1). If a claim is filed during the three-year limitation period, the credit or refund is limited to the portion of the tax paid within the three-year period preceding the filing of the claim, plus any filing extension period. 26 U.S.C. § 6511(b)(2)(A). If the claim is filed after the three-year period, any refund is limited to the portion of the tax paid during the two years prior to the claim. 26 U.S.C.

§ 6511(b)(2)(B). Consequently, any refund claim filed beyond the three-year limitation period is precluded, since the taxpayer would have no effective claim to a refund, unless perchance the taxpayer had paid taxes for the tax year in question during the two years prior to the late claim filing.

Here, the Debtors filed their 1991 claim with their original tax return for that year no earlier than on April 19, 1995.[1] Thus, the claim in issue was filed well past the applicable three-year filing deadline. As a result, the Debtors' claim is limited to any taxes paid for 1991 taxes after April 19, 1993. There is no evidence that the Debtors paid any federal income taxes for 1991 after April 19, 1993, and the Debtors do not make this assertion. Consequently, the Debtors' claim, although apparently estate property, is barred because it has not been asserted in timely fashion.

■ In response to the IRS' contention that their claim is therefore barred, the Debtors invoke 11 U.S.C. § 108(b), which provides as follows:

> if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the latter of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 60 days after the order for relief.

---

1. There is considerable judicial support for the "physical delivery rule," pursuant to which a claim for a refund is considered "filed" only upon its receipt by the IRS. *See, e.g., United States v. Lombardo,* 241 U.S. 73, 76, 36 S.Ct. 508, 509, 60 L.Ed. 897 (1916); *Miller v. United States,* 784 F.2d 728, 730 (6th Cir.1986); *Smith v. United States,* 186 B.R. 411, 412–13 (N.D.Ohio 1995); and *Bazargani v. United States,* 1992 WL 189399, slip op. at *3 (E.D.Pa. July 29, 1992), *aff'd,* 993 F.2d 223 (3d Cir.1993). Application of the "physical delivery rule" would set back the critical "filing date" of the Debtors' returns to April 28, 1995. However, as the April 19, 1995, date is itself beyond the applicable three-year period which ran out on April 15, 1995, the determination of which date determines the "filing date" is immaterial to the instant outcome.

■ Clearly, § 108(b)(2) is not available, because the Proceeding was filed more than 60 days after the order for relief. Moreover, in light of the language in § 108(b) reciting that the time period in issue must not have "expired before the date of the filing of the petition," it has been held that § 108(b) extends the time period for asserting only pre-petition, as opposed to post-petition, claims. *See In re Phillip,* 948 F.2d 985, 987 (5th Cir.1991); *In re Northern Specialty Sales, Inc.,* 57 B.R. 557, 559 (Bankr.D.Ore.1986); *In re Ward,* 42 B.R. 946, 950 (Bankr.M.D.Tenn. 1984); and 2 COLLIER ON BANKRUPT-CY, ¶ 108.02, at 108–7 (15th ed. 1995). The instant claim clearly did not arise earlier than April 19, 1995, and therefore it is a post-petition claim. As a result, § 108(b) is of no help to the Debtors.

■ A more provocative issue, anticipated by the IRS in its Memorandum, but apparently not actually pressed by the Debtors, is whether equitable principles can be applied to toll the time periods set forth in 26 U.S.C. § 6511. We will address this issue because we recognize that a F.R.Civ.P. 12(b)(6) motion can be granted only if there is "an insuperable bar" to relief, precluding a cause of action under any set of facts, including a complaint amended to articulate any viable legal theory. *See, e.g., In re Dinkins,* 79 B.R. 253, 256–57 (Bankr.E.D.Pa.1987), and cases and authorities quoted and cited therein. The Debtors could potentially amend their Complaint and state a claim if equitable tolling could be asserted against the IRS to extend the deadlines established in § 6511. Unfortunately for the Debtors, equitable tolling could not be successfully asserted here.

In 1990, the United States Supreme Court declared that it would not permit equitable principles to be the sole basis to provide jurisdiction in an action by taxpayers to recover an overpayment of federal income taxes when they filed their return more than three years after taxes were paid. *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). The Court expressly held, in *Dalm,* that federal courts did not have the jurisdictional power to go beyond the authority provided in 26 U.S.C. § 6511(a) of the IRC to so much as consider an independent action for recovery of overpaid taxes on the basis of general equitable principles when the taxpayers had filed their return beyond the applicable three-year statutory time-limit. *Id.* at 609, 610, 110 S.Ct. at 1369, 1369.

However, later in the same year, the Court seemingly revised its position in a case involving a discrimination complaint against the Veterans Administration by declaring that "the rebuttable presumption of equitable tolling applicable to litigants in private lawsuits should also apply to suits against the federal government." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). As a result, several federal courts have subsequently permitted equitable tolling of the limitation periods in §§ 6511(a) and 6511(b)(2)(A), relying on *Irwin. See Wiltgen v. United States,* 813 F.Supp. 1387 (N.D.Iowa 1992) (taxpayer was suffering from severe mental illness); *Scott v. United States,* 847 F.Supp. 1499 (D.Hawaii 1993) (taxpayer was suffering from severe alcoholism). *But see Vintilla v. United States,* 931 F.2d 1444 (11th Cir.1991) (affirming the trial court's decision that the three-year limitation period for filing a late tax claim was not subject to equitable tolling).

In 1991, the Court again addressed the issue of equitable tolling of claims in a securities fraud context, declaring that the three-year limitation period for bringing an action after a violation of securities law anti-fraud rules, which was in addition to the requirement for bringing the action within one year after the fraud was discovered, was a "period of repose inconsistent with tolling." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 363, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991). Although the Court has never applied this analysis to 26 U.S.C. § 6511 subsequent to *Dalm,* the First Circuit Court of Appeals did so, analogizing the statutory deadlines at issue in *Lampf* to the three-year claim filing deadline and the refund recovery limitation in §§ 6511(a), (b)(2)(A), and holding that no equitable tolling of the time limitations set forth in the

latter statutes was possible. *Oropallo v. United States,* 994 F.2d 25, 28–30 (1st Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 705, 126 L.Ed.2d 671 (1994).

Although the *Dalm* decision addressed only § 6511(a), we believe that it is directly applicable to the facts presented in the instant case, and that the interplay of § 6511's subsections justifies the conclusion that a taxpayer's recovery is limited by the rule in *Dalm* to what is recoverable under § 6511(b)(2)(B). Therefore, we do not believe that reference to *Lampf* is necessary or that consideration of the principles set forth in *Irwin* is appropriate. Section 6511(a) describes the limitation period for filing an income tax refund claim. It identifies taxpayers who are in a position to obtain a refund, although it does not decide who may succeed or what their recovery might be. Section 6511(b)(2)(A) sets a limit on the amount of the credit or refund for a claim which is filed within the three year limitation period stated in § 6511(a). Section 6511(b)(2)(B), which essentially incorporates § 6511(b)(2)(A), describes the refund limit for claims filed beyond the limitation period in the same way, *i.e.,* as a moving range of years whose parameters are established by the claim-filing date.

Basically, equitable tolling would require relief through an extension or revision of the limitation period in § 6511(a). The change to the limitation period would flow through to §§ 6511(b)(2)(A) and 6511(b)(2)(B), which rely on § 6511(a).

Without equitable tolling, the three-year limitation period stands as absolute, and a taxpayer's recovery is confined to the circumstances described in § 6511(b). If tolling were permitted in application of §§ 6511(b)(2)(A) and 6511(b)(2)(B), those statutory provisions would be automatically modified by any relief granted under § 6511(a). We do not believe that these sections can effectively be read in isolation from one another, and we are therefore satisfied that the *Dalm* decision is controlling in establishing that application of principles of equitable tolling to the time periods set forth in §§ 6511(a) or (b) is beyond the jurisdictional power of this court.

Although we believe that *Dalm* controls the case before us and precludes the consideration of equitable tolling principles, we further note that, even if equitable tolling could be considered, no grounds appear to exist for application of that principle to the instant facts. The Debtors have not presented any facts supporting the application of equitable tolling. In *Irwin,* the Court confines the circumstances in which equitable tolling may be applied against the United States to those where the claimant "has actively pursued his judicial remedies during the statutory period," or where the claimant was "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." 498 U.S. at 90, 111 S.Ct. at 454. However, where the claimant has merely "failed to exercise due diligence in preserving his legal rights," or presents "what is at best a garden variety claim of excusable neglect," *id.,* the *Irwin* Court states that equitable tolling against the United States is unavailable.

In the matter before us, the Debtors do not claim to suffer from any disability comparable to those of the *Wiltgen* and *Scott* taxpayers, nor is there any evidence of any other acts, such as fraud by a third party, which would lead this court to believe equitable tolling of the three year statute of limitations could even be appropriate. The Debtors simply were late in filing their returns, and therefore they apparently could not articulate any possible grounds for application of equitable tolling other than perhaps an insufficient garden-variety claim of excusable neglect. Perhaps for this reason, they recognized that such a claim would have been futile. In any event, we hold that no potential for equitable tolling is presented such as to prompt us to refrain from granting the IRS' Motion to dismiss their Complaint.

Accordingly, the Motion must be granted, and the Complaint in this proceeding is dismissed in the following Order.