**Estate of Charles E. RIDENOUR, Eileen M. Leasure, Executor, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 3:05CV011.**

United States District Court, S.D. Ohio, Western Division.

Sept. 25, 2006.

David E. Kauffman, Schottenstein Zox & Dunn Co. LPA, Columbus, OH, for Plaintiff.

Steve A. Sherman, U.S. Dept. of Justice, Washington, DC, for Defendant.

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. # 7); DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 10); JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

RICE, District Judge.

Plaintiff Eileen M. Leasure ("Plaintiff" or "Leasure") brings this litigation as Ex-

ecutor of the Estate of Charles Ridenour ("Estate"), seeking to recover the sum of $101,206.59 in penalties and interest, which the Internal Revenue Service ("IRS") imposed upon the Estate as a result of its failure to file its estate tax return and to pay the estate tax owing in timely fashion.

The facts and circumstances giving rise to the parties' dispute over interest and penalties are, in the main, not disputed. Charles Ridenour ("Ridenour") died on August 21, 2002, and Plaintiff was appointed as the Executor of the Estate. In accordance with 26 U.S.C. § 6075(a), the estate tax return was due on May 21, 2003, a date nine months after Ridenour died.[1] On April 30, 2003, Plaintiff requested an extension of time in which to file the estate tax return, until November 21, 2003. The Internal Revenue Service ("IRS") granted that request. The Plaintiff did not, however, request an extension of time in which to pay the estate tax. On August 22, 2003, a payment of $300,000 for estate taxes was made to and received by the IRS.

Even though November 21, 2003, was the extended due date for the filing of the estate tax return, Plaintiff did not file such a return on that date. On the contrary, Plaintiff did not file the estate tax return until March 22, 2004.[2] That return indicated that Plaintiff owed estate taxes in the sum of $369,686. Since Plaintiff had previously paid $300,000, the payment of an additional $69,686 was included with the return. On May 3, 2004, the IRS assessed the following interest and penalties against the Estate:

1. The sum of $83,179.35, as a failure to file penalty in accordance with 26 U.S.C. § 6651(a)(1);

2. The sum of $9,832.73, as a failure to pay penalty, in accordance with 26 U.S.C. § 6651(a)(2); and

3. The sum of $8,194.51, as interest in accordance with 26 U.S.C. § 6601.

Plaintiff paid interest and penalties in the amount of $101,206.59, and brought this litigation, seeking a refund of that sum.

This case is now before the Court on the Plaintiff's Motion for Summary Judgment (Doc. # 7) and the Defendant's Motion for Summary Judgment (Doc. # 10). As a means of analysis, the Court will initially set forth the standards which are applicable to all motions for summary judgment, following which it will turn to the parties' arguments in support of and in opposition to the instant such motions.[3]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Of course, the moving party:

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions

---

1. Section 6075(a) provides that an estate tax return must be filed within nine months of the decedent's death.

2. As is discussed, Plaintiff contends that the return was filed on March 16, 2004. However, for reasons which follow, the Court concludes that the evidence fails to raise a genuine issue of material fact on the issue of whether the return was filed on that date.

3. The Plaintiff has requested oral argument on the parties' motions seeking summary judgment. The Court rejects that request. Oral argument is not necessary, given that, in order to rule on the pending motions, the Court only need apply unambiguous statutes to virtually uncontested facts.

on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323, 106 S.Ct. 2548. *See also Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (The moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial.") (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1536 (6th Cir.1987)). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir.1995). Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment by demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed.R.Civ.P. 50). *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). *See also Michigan Protection and Advocacy Service, Inc. v. Babin,* 18 F.3d 337, 341 (6th Cir.1994) ("The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff."). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment shall be denied "[i]f there are ... 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Hancock v. Dodson,* 958 F.2d 1367, 1374 (6th Cir.1992) (citation omitted). Of course, in determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all *reasonable* inferences in the favor of that party. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505 (emphasis added). If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,* § 2726. In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp.*

*v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). *See also L.S. Heath & Son, Inc. v. AT & T Information Systems, Inc.,* 9 F.3d 561 (7th Cir. 1993); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915 n. 7 (5th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment ...."). Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

In her Motion for Summary Judgment (Doc. # 7), the Plaintiff has presented four arguments in support of her assertion that she is entitled to a refund of the interest and penalties paid by the Estate, to wit:

1. The IRS miscalculated the failure to file penalty under § 6651(a)(1), because it computed that penalty on the entire amount of the estate tax owed;

2. The IRS miscalculated the penalties under § 6651(a)(1) and (a)(2), as a result of relying upon the incorrect date upon which the estate tax return was filed;

3. The Plaintiff had reasonable cause for the failure to file the estate tax return and to pay the estate tax in timely fashion; and

4. The IRS miscalculated the interest owed under § 6601, because it had miscalculated the penalties owed by the Estate.

*See* Doc. # 7 at 2–3. As a means of analysis, the Court will address those arguments in the above order.

*1. Did the IRS Miscalculate the Failure to File Penalty under § 6651(a)(1), by Computing That Penalty on $369,686, the Total Estate Tax Liability?*

■ Plaintiff initially argues that the IRS miscalculated the failure to file penalty, because it failed to credit the Estate for the $300,000 payment which was made before November 21, 2003, the date upon which the extension of time to file the estate tax return had expired. According to Plaintiff, that penalty should have been computed only on the amount of the estate tax paid with the return, $69,686. This penalty was imposed in accordance with § 6651(a)(1), which provides, in relevant part:

(a) Addition to the tax.—In case of failure—

(1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof) ..., on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;

Given that the requirement that an estate tax return be filed is set forth in 26 U.S.C. § 1618(a), which is within part II of subchapter A of Chapter 61 of the Internal Revenue Code, it cannot be questioned that Plaintiff is subject to a penalty under § 6651(a)(1). Moreover, it cannot be questioned that the IRS imposed the penalty on the amount of estate tax shown on the return filed by Plaintiff herein, the sum of $369,686. Nevertheless, Plaintiff argues

that the failure to file penalty should have been computed on the amount of $69,686, since the Estate had paid $300,000, before November 21, 2003, the date upon which the extension granted to file the estate tax return expired. In support of that argument, Plaintiff relies upon 26 U.S.C. § 6651(b)(1), which elaborates upon the manner in which the penalty imposed under § 6651(a)(1) is to be computed. Section 6651(b)(1) provides:

> (b) Penalty imposed on net amount due.—For purposes of—
>
> (1) subsection (a)(1), the amount of tax required to be shown on the return shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return;

As can be seen, Plaintiff is entitled to such a reduction, only if either the $300,000 was "paid on or before the date prescribed for payment of the tax," or that amount is a "credit against the tax which may be claimed on the return." As a means of analysis, the Court will address those two questions in the above order. However, before engaging in that analysis, the Court will briefly set review applicable principles to be employed by a court when interpreting a statute.

■ It is axiomatic that the fundamental purpose of statutory construction is give effect to the words used by Congress in the statute. In *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000), the Supreme Court unanimously restated familiar principles to be applied in order to reach that end:

> [W]e begin with the understanding that Congress "says in a statute what it means and means in a statute what it says there," *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). As we have previously noted ..., when "the statute's language is plain, 'the sole function of the courts' "-at least where the disposition required by the text is not absurd-" 'is to enforce it according to its terms.' " *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)).

*See also, Lamie v. United States Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). Moreover, words are to be given their ordinary, contemporary and common meaning. *United States v. Plavcak,* 411 F.3d 655, 660 (6th Cir.2005).

■ As is indicated above in footnote one, § 6075(a) provides that an estate tax return must be filed "within 9 months after the date of the decedent's death." Given that Ridenour died on August 21, 2002, the estate tax return was initially due on May 21, 2003, although that date was extended until November 21, 2003. The date upon which tax must be paid is not addressed in § 6075(a); rather, that question is governed by 26 U.S.C. § 6151(a), which provides: [4]

> (a) General rule.—Except as otherwise provided in this subchapter, when a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary, pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return (*deter-*

---

**4.** In her Motion for Summary Judgment (Doc. # 7), Plaintiff has not mentioned § 6151(a).

*mined without regard to any extension of time for filing the return* ).

(emphasis added). The online version of the second edition of the Oxford English Dictionary defines "prescribe" as "to write or [to] lay down as a rule or direction to be followed." *See* http://dictionary.oed.com/cgi/entry/50187781 ?single = 1 & query_type = word & queryword = prescribe & first = 1 & max_to_show = 10. It cannot be questioned that § 6151(a) lays down a rule or direction when a tax must be paid. Accordingly, that statutory provision establishes "the date prescribed for payment of the tax." Therefore, in accordance with § § 6075(a) and 6151(a), this Court concludes that "the date prescribed for payment of the tax" was May 21, 2003, the time fixed for the Estate to file the return, "determined without regard to any extension of time for filing the return."

Nevertheless, Plaintiff cites language from Revenue Ruling 81–237, 1981 WL 166010, to the effect that "[n]either section 6651 nor the regulations thereunder specifically define[s] the phrase 'date prescribed for payment of the tax' with respect to the limitation in section 6651(b)(1)."[5] What Plaintiff fails to mention is that the IRS discussed § 6151(a) in Revenue Ruling 81–237, and held therein:

> The addition to tax imposed by section 6651(a)(1) of the Code for failure to file a return will be applied when an executor of an estate is granted an extension of time to file and pay the estate tax and pays the tax within the extension period, but files the return without reasonable

cause after the last day of the period covered by the extension of time. Thus, that Revenue Ruling contravenes Plaintiff's premise that the $300,000 was paid "on or before the date prescribed for payment of the tax," because it was paid within the extension period granted for the filing of the estate tax return.

Based upon the foregoing, the Court concludes that the payment of $300,000 of the total of $369,686 that the Estate would owe in estate taxes, after May 21, 2003, but before November 21, 2003, does not effect the amount of the late filing penalty, unless of course the $300,000 was a credit against the tax due and owing, a question to which the Court now turns.

Section 6655(b)(1) also provides that "the amount of tax required to be shown on the return shall be reduced ... by the amount of any credit against the tax which may be claimed on the return." Plaintiff argues that the $300,000, which the Estate paid in August, 2003, qualifies as a "credit against the tax," because line 22 of the estate tax return it filed (Form 706) permits "prior payments" to reduce the amount of the payment which must accompany the return.[6] Plaintiff argues that, since the return directs that the amount of the prior payments be subtracted from the total tax in order to compute the balance due, any prior payment is a credit. This Court does not agree. As the Government points out, the credits which may be on an estate tax return (Form 706) are defined by 26 U.S.C. § 2010–2015. None of those statutory sections provides a credit for prior payment of estate taxes.[7] Moreover,

5. Under § 6651(b)(1), the net amount of the tax due, upon which the penalty is imposed, is to be reduced by the portion of the tax which is paid on or before "the date prescribed for payment of the tax" and by the amount of any credit which can be claimed on the return.

6. A certified copy of the Estate's return is attached to the Defendant's memorandum opposing Plaintiff's motion and to its motion. *See* Docs. ## 9 and 10.

7. Section 2010 authorizes the unified credit against the estate tax. Section 2011 provides for a credit for the payment of state death

an examination of the Form 706 which the Estate filed demonstrates that the prior payment of $300,000 was used to reduce the *balance due,* after the tax had been computed. The Estate was required to report its credits on lines 9 through 13 of a Form 706, while its prior payments were recorded on line 22. Thus, none of the computations set forth on that Form 706 suggests that the prior payment in any manner affected "the tax which may be claimed on the return."

Accordingly, the Court rejects the Plaintiff's assertion that the $300,000 paid by the Estate is a "credit against the tax which may be claimed on the return," as that phrase is used in § 6651(b)(1).[8]

Based upon the foregoing, the Court concludes that the statutes in question are clear and unambiguous and that, therefore, the IRS correctly calculated the failure to file penalty under § 6651(a)(1) on the sum of $369,686, rather than upon the lesser amount of $69,686.[9]

*2. Did the IRS Miscalculate the Penalties under § 6651(a)(1) and (a)(2), as a result of Relying upon the Incorrect Date upon which the Estate Tax Return Was Filed?*

■ The failure to pay penalty is set forth in § 6651(a)(2), which provides:

(a) Addition to the tax.—In case of failure—

\* \* \* \* \* \*

(2) to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate . . . .

The Plaintiff argues that the Government miscalculated the penalty under § 6651(a)(2), because the return was filed and the final payment of taxes was made on March 16, 2004, rather than upon March 22, 2004, the date upon which the IRS states the return was filed. If the return was filed on March 16, 2004, rather than upon the date identified by the IRS, Plaintiff submits that the failure to file penalty should have been computed on four months, rather than upon five, reducing that penalty by 20%. Plaintiff also submits that selecting the correct date also

taxes. Section 2012 gives estates a credit for the gift taxes previously paid. Section 2013 allows a credit for the tax paid on prior transfers. Section 2014 provides for a credit against foreign death taxes which are paid, while § 2015 authorizes a credit for death taxes on remainders.

8. Plaintiff also argues that the payment of $300,000 must be a credit, because computing the failure to file penalty, as did the IRS, means that the amount of that penalty is no different for having paid the $300,000 on August 22, 2003, than it would have been if the entire tax due had been paid on March 22,

2004, when the return was filed. It bears emphasis, however, that the penalty imposed by § 6651(a)(1) is for the failure to file a tax return in timely fashion. Section 6651(a)(2) imposes a penalty on the failure to pay taxes in timely fashion. The amount of that penalty imposed upon the Estate for the failure to pay taxes in a timely fashion was significantly reduced by the payment of taxes on August 22, 2003.

9. Based upon the above reasoning, the Court rejects the Plaintiff's assertion that § 6651(a)(1) is in any manner ambiguous.

would have reduced the number of months that the Estate was subjected to a penalty for failure to pay in timely fashion, on the entire amount of tax due, from four months to three. As a means of analysis, the Court will initially set forth certain legal standards which must be applied to resolve this particular argument.

■ In *Miller v. United States*, 784 F.2d 728 (6th Cir.1986), the Sixth Circuit held that a document is not generally filed with the IRS, until it is physically delivered to that agency. *Id.* at 730 (citing *United States v. Lombardo*, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916)). The *Miller* court noted that the only exception the "physical delivery rule" is that set forth in 26 U.S.C. § 7502(a). *Id.* at 731. *See also Surowka v. United States*, 909 F.2d 148 (6th Cir.1990). Section 7502(a) provides:

(a) General rule.—

(1) Date of delivery.—If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

(2) Mailing requirements.—This subsection shall apply only if—

(A) the postmark date falls within the prescribed period or on or before the prescribed date—

(i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or

(ii) for making the payment (including any extension granted for making such payment), and

(B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.

Since Plaintiff submitted the estate tax return long after the expiration of the extension granted for filing, § 7502(a) is inapplicable, and the estate tax return was correctly deemed filed when it was physically delivered to the IRS.

■ As is indicated above, the one contested issue of fact between the parties is the question of whether the return was filed on the 16th or the 22nd of March, 2004. The Defendant has submitted, as part of the certified record, evidence that the return was filed on March 22nd, while the Plaintiff states in her affidavit that the return "was filed" on March 16th.[10] The Government contends that a genuine issue of material fact does not exist, because Plaintiff means that she mailed the return on the date, even though she used the word "filed" in her affidavit. This Court

---

**10.** The affidavit actually states that the return was filed on March 16, 2003, rather than upon March 16, 2004. That is obviously a typographical error, given that Leasure also states in her affidavit that she requested an extension of time in which to file the estate tax return on April 30, 2003, a month and one-half after March 16, 2003.

agrees. Since Plaintiff did not sign the return until March 16, 2004, it could not have left her possession until that date. As a consequence, the estate tax return could have been filed with (i.e., physically delivered to) the IRS on that date, only if it was hand delivered. Moreover, Plaintiff's counsel states in his client's Reply Memorandum that the return was delivered to an overnight express carrier on March 16, 2004. *See* Doc. # 12 at 9. The First, Fifth, Seventh and Ninth Circuits have held that statements of fact by counsel in a memorandum in support of or in opposition to a motion for summary judgment are admissions against the attorney's client for purposes of determining whether the evidence raises a genuine issue of material fact. *Woods v. City of Chicago*, 234 F.3d 979, 989 (7th Cir.2000); *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir.1988); *Cerqueira v. Cerqueira*, 828 F.2d 863, 865 (1st Cir.1987); *United States v. Monkey*, 725 F.2d 1007, 1010 (5th Cir.1984). *Accord*, 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2723 at 390–91 (noting that "[a]dmissions in the brief of the party opposing the motion may be used in determining that there is no genuine issue as to any material fact, since they are functionally equivalent to 'admissions on file' "). Although the Sixth Circuit has not addressed this question, the District Courts within this Circuit to have done so have unanimously concurred with the foregoing authority. *Smith & Nephew, Inc. v. Federal Ins. Co.*, 2005 WL 3134053 (W.D.Tenn. 2005); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Arioli*, 941 F.Supp. 646, 655 (E.D.Mich.1996); *Webster v. Allstate Ins. Co.*, 689 F.Supp. 689, 693 (W.D.Ky.

1986). This Court agrees with these decisions and, therefore, concludes that the statement by Plaintiff's counsel in the Reply Memorandum is an admission that his client's use of "filed" in her affidavit meant that she sent the return to IRS on March 16, 2004, rather than meaning that the return was physically delivered to that agency on that date. Consequently, the only evidence before the Court as to when the return was physically delivered to the IRS is that supplied by the Government, i.e., March 22, 2004.[11]

Based upon the foregoing, the Court rejects Plaintiff's contention that the IRS miscalculated the penalties owed under § 6651(a)(1) and (2), because it based those penalties on the incorrect date of the filing of the estate tax return.

*3. Did the IRS Erroneously Impose the Penalties, Because Plaintiff Had Reasonable Cause for the Failure to File the Estate Tax Return and to Pay the Estate Tax in Timely Fashion?*

▮ Paragraphs (1) and (2) of subsection 6651(a) both provide that the penalty in question shall be imposed, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." Plaintiff contends that the IRS erred in imposing the penalties, because she has shown reasonable cause for her failure to file the estate tax return and to pay the taxes in timely fashion. In *United States v. Boyle*, 469 U.S. 241, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985), the Supreme Court held that, to escape a penalty under § 6651(a)(1), "the taxpayer bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' *and* (2) that the failure was 'due to reason-

---

11. Plaintiff's counsel states in the Reply Memorandum, without evidentiary support, that the IRS received the return on March 17, 2004. *See* Doc. # 12 at 9. It is axiomatic, however, that the statement of counsel in a memorandum cannot create a genuine issue of material fact. 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2723 at 389–90.

able cause.'" *Id.* at 245, 105 S.Ct. 687 (emphasis added). Therein, the Supreme Court also discussed the meaning of the phrases "willful neglect" and "reasonable cause:"

> The meaning of these two standards has become clear over the near–70 years of their presence in the statutes. As used here, the term "willful neglect" may be read as meaning a conscious, intentional failure or reckless indifference. . . . Like "willful neglect," the term "reasonable cause" is not defined in the Code, but the relevant Treasury Regulation calls on the taxpayer to demonstrate that he exercised "ordinary business care and prudence" but nevertheless was "unable to file the return within the prescribed time."

*Id.* at 245–46, 105 S.Ct. 687 (footnotes and citations omitted). Herein, Plaintiff bases her assertion that she has shown reasonable cause for her failure to file the estate tax return and to pay the estate taxes in timely fashion on two reasons. Although Plaintiff has failed to support either reason with evidence, neither would be legally sufficient even if supported by such. In other words, if Plaintiff had proven either reason by the preponderance of the evidence, she would not have demonstrated that her failure in that regard was "due to reasonable cause and not due to willful neglect." As a means of analysis, the Court addresses the reasons in the order presented.

*First*, Plaintiff initially argues that she has demonstrated reasonable cause for the untimely filing of the return and payment of taxes, because she relied upon experi- enced counsel. In particular, Plaintiff states:

> In the case at bar, Plaintiff hired an experienced probate and estate attorney. She did not merely rely upon her attorney to handle the matter, but consistently went to him and asked him if matters were proceeding on schedule. She knew that her attorney had requested an extension of time to file the Estate Tax return, and believed that she was operating within the appropriate time periods.

Doc. # 7 at 12.[12] In *Boyle*, the Supreme Court rejected the argument, under similar factual circumstances, that the executor of an estate had demonstrated reasonable cause for the untimely filing of an estate tax return. Therein, Robert Boyle was appointed as the executor of his mother's estate and retained an experienced probate counsel to represent the estate. Although a businessman, he had little experience in the field of federal estate taxation. As a consequence, Boyle relied upon counsel's advice and guidance. He did, however, cooperate with counsel and provide all necessary documents to him. In addition, Boyle frequently inquired of counsel concerning the progress of the preparation of the estate tax return. Nevertheless, the estate tax return was filed three months late. In concluding that Boyle had failed to establish reasonable cause for the failure to timely file the return under those circumstances, the *Boyle* Court wrote:

> Congress has placed the burden of prompt filing on the executor, not on some agent or employee of the executor. The duty is fixed and clear; Congress intended to place upon the taxpayer an obligation to ascertain the statutory

---

**12.** It appears that the attorney representing Plaintiff in this proceeding has represented her throughout. For instance, he signed both the request for an extension of time, submitted to the IRS in April, 2003, and the estate tax return, which was filed in March of the following year. Notably, counsel has not indicated what he told his client after the extension had expired and before the return was filed, during her consistent inquiries of him.

deadline and then to meet that deadline, except in a very narrow range of situations. Engaging an attorney to assist in the probate proceedings is plainly an exercise of the "ordinary business care and prudence" prescribed by the regulations, 26 CFR § 301.6651–1(c)(1) (1984), but that does not provide an answer to the question we face here. To say that it was "reasonable" for the executor to *assume* that the attorney would comply with the statute may resolve the matter as between them, but not with respect to the executor's obligations under the statute. Congress has charged the executor with an unambiguous, precisely defined duty to file the return within nine months; extensions are granted fairly routinely. That the attorney, as the executor's agent, was expected to attend to the matter does not relieve the principal of his duty to comply with the statute.

469 U.S. at 249–50, 105 S.Ct. 687 (emphasis in the original). *See also Valen Mfg. Co. v. United States,* 90 F.3d 1190 (6th Cir.1996). Based upon *Boyle,* this Court concludes that Plaintiff's reliance upon counsel could not establish reasonable cause, even if proven.

*Second,* she states that "the estate was complex from an administrative matter with numerous stocks and accounts to value and [to] liquidate." Doc. # 7 at 12. This Court cannot agree with Plaintiff that the complexity of the estate constitutes reasonable cause for the failure to file the return or to pay the estate tax in timely fashion. Courts have held that the complexity of an estate or difficulty in valuing its assets do not constitute reasonable cause. *See St. Clair v. United States,* 880 F.Supp. 669 (D. Minn. 1993) (and cases cited therein). Moreover, it bears emphasis that Plaintiff was, at her request, afforded an additional six months to file the estate tax return, giving her a total of fifteen months to file. In addition, she did not even request an extension of time in which to pay her taxes, even though extensions of up to one year are authorized by 26 U.S.C. § 6161(a). Accordingly, the Court rejects Plaintiff's premise that the complexity of the estate constitutes reasonable cause.

*4. Interest*

As is indicated above, Plaintiff argues that the IRS incorrectly computed the amount of interest owed by the estate under § 6601, because the erroneously imposed penalties were utilized in that computation. Given that the Court has rejected Plaintiff's assertions that the IRS incorrectly imposed the penalties, it also rejects her contention concerning interest upon those penalties.

Based upon the foregoing, the Court sustains the Defendant's Motion for Summary Judgment (Doc. # 10) and overrules Plaintiff's Motion for Summary Judgment (Doc. # 7). Judgment is to be entered in favor of Defendant and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.